**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 2 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CURTIS L. MURRAY, JR.,

        Plaintiff-Appellant,

v.

CURT ARCHAMBO, individually;
CURT ARCHAMBO, as Cherokee
County Acting Sheriff; KEVIN
McFARLAND; KEVIN McFARLIN;
TERRY JOE COMBS; CLINT
JOHNSON, individually; CLINT
JOHNSON, as Deputy Sheriff for
Cherokee County, Oklahoma;
UNKNOWN SURETY COMPANIES
WHICH BONDED THE CHEROKEE
COUNTY SHERIFF AND HIS
DEPUTIES; CHEROKEE NATION
MARSHAL SERVICE,

        Defendants-Appellees.

No. 97-7028

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
(D.C. No. 96-CV-568)

---

Submitted on the briefs:

Curtis L. Murray, Jr., pro se.

Jason C. Wagner and Donna L. Compton of Collins, Zorn, Jones & Wagner, P.C., Oklahoma City, Oklahoma, for Defendants-Appellees Curt Archambo, individually and as Cherokee County Acting Sheriff, Kevin McFarland, Terry Joe Combs, Clint Johnson, individually and as Deputy Sheriff of Cherokee County, Oklahoma.

A. Diane Blalock, Tribal Prosecutor, Tahlequah, Oklahoma, for Cherokee Nation Marshal Service.

---

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

---

BARRETT, Senior Circuit Judge.

---

Curtis L. Murray appeals from the district court's minute order granting two separate motions to dismiss in favor of defendants, and closing the case. On October 31, 1996, Murray filed suit against defendants, alleging constitutional violations based on 42 U.S.C. § 1983. After some confusion with regard to a scheduling conference, the four individually named defendants (hereinafter Individual Defendants) responded to the complaint on December 10, 1996. On January 7, 1997, Murray filed an amended complaint. That same day, the parties attended a scheduling conference, wherein the Cherokee Nation Marshal Service requested and received a fifteen-day extension to file a responsive pleading. Two weeks later, the Individual Defendants filed a motion to dismiss Murray's amended complaint because he had not sought leave of court or secured the consent of defendants before filing it. The next day, January 22, 1997, the

-2-

Marshal Service filed a motion to dismiss the case against it for failure to state a claim. Sixteen days later, the district court entered a minute order granting the two motions to dismiss, ruling that the motions were deemed confessed due to Murray's failure to answer the motions within fifteen days as required by local rule. Murray's responses to the motions were received by the district court on the same day as the court's ruling, February 7, 1997. This appeal followed.[1]

We review the district court's ruling in this case for abuse of discretion. See Miller v. Department of Treasury, 934 F.2d 1161, 1162 (10th Cir. 1991) (discussing standard of review applicable to dismissal for failure to comply with a similar local rule);[2] Hancock v. City of Okla. City, 857 F.2d 1394, 1395-96 (10th Cir. 1988) (same). Our jurisdiction over this appeal arises from 28 U.S.C.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

[2] In Miller, this court concluded that the abuse of discretion standard was applicable to its review of the district court's grant of summary judgment under Northern District of Oklahoma Local Rule 15(A), where the plaintiff failed to respond to the government's summary judgment motion and the court deemed the motion confessed. 934 F.2d at 1162. There, as in this case, the local rule providing for confession of a motion is written in mandatory language, appearing to require the judge to automatically deem confessed any motion to which a timely response is not received. There, however--and also as in this case--the local rules allow a judge to waive any requirement of the rules in the interests of the administration of justice. Id. The Eastern District of Oklahoma has a similar rule, Local Rule 1.1(F). Pursuant to the analysis in Miller, we conclude that the abuse of discretion standard also applies to dismissals under Eastern District of Oklahoma Local Rule 7.1(B).

§ 1291. Because we agree with Murray that the district court's ruling was in error, we reverse and remand for further proceedings in the case.

On appeal, Murray puts forward several arguments challenging the district court's ruling. He contends that his responses to defendants' motions to dismiss were timely mailed, arguing that three days should be added to the fifteen day period under Fed. R. Civ. P. 6(e). We reject this argument because it is clear that the local rule requiring a response within fifteen days *includes* the three-day mailing allowance provided for in Fed. R. Civ. P. 6(e). See Eastern District of Oklahoma Local Rule 7.1(B). Murray also argues that the Marshal Service never answered his complaint; however, Fed. R. Civ. P. 12(b) states that motions to dismiss for failure to state a claim "shall be made before pleading." Murray contends that the district court was biased against him as a pro se plaintiff, but supports this contention only with speculative conclusions. These arguments lack merit.

Murray asserts that the district court should not have dismissed his case against the Marshal Service based on the standards of Fed. R. Civ. P. 12(b)(6). This argument miscomprehends the basis of the district court's ruling, which was not the merits of the Marshal Service's motion, but application of the local rule, under which the district court deemed the motion confessed. Nonetheless, when we examine the district court's ruling for an abuse of discretion under these

circumstances, we consider three factors: "(1) the degree of actual prejudice to the defendant[s]; (2) the amount of interference with the judicial process; [and] (3) the culpability of the litigant." Hancock, 857 F.2d at 1396. "[O]nly when these aggravating factors outweighed the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." Miller, 934 F.2d at 1162 (further quotation omitted). Considering these factors, we conclude that the district court's ruling should be reversed. First, the court apparently did not consider the above factors before entering its minute order granting the motions, see id. Second, in light of the procedural history of this case, these factors could not have outweighed the "strong predisposition to resolve cases on their merits" in this instance. Murray's response to the motions was received one day after the fifteen-day response period set by the local rule in question. No prejudice to defendants could have resulted from this delay, nor could it have caused interference with the judicial process. Also, the record indicates that Murray mailed his responses on February 2, 1997, demonstrating little or no culpability on his part in causing the delay. We conclude that the district court abused its discretion in granting the motions to dismiss under these circumstances. Cf. Hancock, 857 F.2d at 1395-96 (where plaintiff's counsel overlooked motion and therefore failed to respond, resulting in delay of almost two weeks, but, once discovered, responded promptly, court

abused its discretion in denying plaintiff's motion for reconsideration following dismissal of case based on similar local rule).

Finally, as to the Individual Defendants' motion to dismiss, Murray contends that, even if the district court were correct in granting the motion as confessed under the local rules, his original complaint in the case stands and the district court erred in dismissing the entire case. We agree. Although it is apparent that the district court intended to dismiss the entire action, the Individual Defendants' motion provided no basis for that portion of the district court's ruling. Cf. Thompson v. Dereta, 709 F.2d 1343, 1344 (10th Cir. 1983) ("It is well settled that dismissal of a complaint is not an appealable order unless, in a practical sense, the district court dismisses the action as well.") (citation omitted). The Individual Defendants' motion to dismiss was aimed solely at Murray's amended complaint, and was based solely on his failure to seek leave of court or the consent of defendants before filing it. Their contention, on appeal, that the motion was "in essence a Motion to Dismiss Plaintiff's action," Individual Defendants' Br. at 5, misrepresents the record.

The Individual Defendants argue that Murray's amended complaint stands in place of his original complaint and therefore, the court's dismissal properly resulted in a dismissal of the entire case. Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is

without legal effect.  See Hoover v. Blue Cross & Blue Shield, 855 F.2d 1538, 1544 (11th Cir. 1988); 6 Charles Alan Wright et al., Federal Practice & Procedure § 1484, at 601 (2d Ed. 1990).  It follows, then, that only an amended complaint that is in effect--that is, properly filed pursuant to the requirements of Rule 15--can supersede the original.  Cf. King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994) (properly filed amended complaint superseded original and was therefore the only effective complaint in the case).  Because Murray's amended complaint was not properly filed pursuant to Rule 15, it had no legal effect and did not supersede his original complaint.

The Individual Defendants also argue that the district court could involuntarily dismiss Murray's entire case for failure to comply with federal court rules, pursuant to Fed. R. Civ. P. 41(b).  Individual Defendants' Br. at 5.  This is a true statement, see generally, Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994) (discussing dismissal as sanction on various grounds), but inapposite here.  The district court did not dismiss the case as a sanction for Murray's failure to follow federal procedural rules.  Its minute order clearly deemed defendants' motions confessed under local Rule 7.1(B) and granted the motions to dismiss on that basis alone.  We conclude that the district court's action in closing the entire case went beyond the court's ruling on the motions to dismiss and therefore also constituted an abuse of its discretion.

On remand, the district court should consider defendants' motions to dismiss, and Murray's responses thereto, on their merits. Further, the court should consider granting Murray leave to amend his complaint. Fed. R. Civ. P. 15 provides that leave to amend "shall be freely given." This is especially true here because Murray is proceeding pro se. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (pro se pleadings should be liberally construed); Reynoldson v. Shillinger, 907 F.2d 124, 125-26 (10th Cir.1990) (district court should not dismiss a pro se complaint without leave to amend if the defects can be cured by amendment).

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED and REMANDED for further proceedings consistent with this opinion. The Individual Defendants' Motion to Strike Plaintiff's brief on appeal is DENIED.