**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 12 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CURTIS L. MURRAY, JR.,

      Plaintiff-Appellant,

v.

CURT ARCHAMBO, individually;
CURT ARCHAMBO, as Cherokee
County Acting Sheriff; KEVIN
MCFARLAND; TERRY JOE COMBS;
CLINT JOHNSON, individually;
CLINT JOHNSON, as Deputy Sheriff
for Cherokee County, Oklahoma;
UNKNOWN SURETY COMPANIES,
which bonded the Cherokee County
Sheriff and his Deputies; CHEROKEE
NATION MARSHAL SERVICE,

      Defendants-Appellees.

No. 99-7006
(D.C. No. 96-CV-568-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **EBEL** , **LUCERO** , and **MURPHY** , Circuit Judges.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Curtis Murray, appearing pro se, appeals the district court's dismissal of his civil rights action against Cherokee County, Oklahoma; the Cherokee County Sheriff's Department (the sheriff's department); individual officers and employees of the sheriff's department (the county defendants); surety companies bonding the sheriff's department; and the Cherokee Nation Marshal Service (the marshal service). We affirm.

## BACKGROUND

Mr. Murray filed a complaint alleging that his civil rights were violated during the course of two different traffic stops and a subsequent arrest.[1] The first of these stops was allegedly conducted on October 1, 1994, by sheriff's deputies and a marshal service officer; the second on July 18, 1996, by sheriff's deputies only. The district court dismissed the case on December 2, 1996, for Mr. Murray's failure to appear at a status and scheduling conference, but

---

[1] In addition to a civil rights claim pursuant to 42 U.S.C. § 1983, Mr. Murray alleged false arrest, false imprisonment, malicious prosecution, negligence, gross negligence, and civil conspiracy. See R., Vol. I, doc. 98 at 7-10.

reinstated it upon a determination that the conference had been reset for a later date.

All defendants filed motions to dismiss the complaint. The county defendants based their motion on Mr. Murray's failure to seek leave of court before filing an amended complaint. The marshal service asserted that Mr. Murray had failed to state a claim upon which relief can be granted, noting the failure to name a specific officer who allegedly participated in the 1994 stop. When Mr. Murray did not respond to the dismissal motions within the time allocated by local rule, the court deemed them confessed and dismissed the entire action. On appeal, this court reversed and remanded the case to the district court for further proceedings. See Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998).

On remand, the district court entered scheduling orders setting deadlines for discovery and court filings, including an amended complaint identifying the marshal service officer who had allegedly conducted the stop. Mr. Murray filed a First Amended Complaint asserting that two marshal service officers, whom he "believed to be Brian Blair and Mike Dawes," had participated in the stop. R., Vol. I, doc. 98, at 5. He also alleged that he had "an eyewitness [who] will testify to the fact that the allegations by plaintiff against the officers of Cherokee National Marshall [sic] Service participated as alleged." Id. He failed, however,

to meet many of the court-imposed deadlines and exhibited a general lack of cooperation with the discovery efforts of the county defendants. Specifically, he disregarded a court order compelling production of written discovery responses.

In an order dated August 28, 1998, the court granted the county defendants' motion for dismissal, under Fed. R. Civ. P. 37(d), for failure to cooperate in discovery and intentional disregard of a court order. It also dismissed the unidentified surety companies which bonded the county defendants. On December 10, 1998, the court issued another order granting a motion for summary judgment filed by the marshal service, based on a determination that plaintiff had failed to come forward with any specific facts showing involvement of any officers working for the marshal service. Mr. Murray then filed a timely notice of appeal. [2]

---

[2] The county defendants have filed a motion to dismiss this appeal on the grounds that Mr. Murray's January 7, 1999 notice of appeal is untimely as to the district court's August 28, 1998 order granting their motion to dismiss. The motion is not well-taken. The order dismissing the county defendants did not adjudicate the rights and liabilities of all parties and thus was not an appealable final order. See Fed. R. Civ. P. 54(b).

## DISCUSSION

**A.     Dismissal pursuant to Fed. R. Civ. P. 37(d)**

Mr. Murray contends that the district court erred in dismissing his claims against the county defendants, pursuant to Fed. R. Civ. P. 37(d).    [3]  "Determination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." Ehrenhaus v. Reynolds, 965 F.2d 916, 920 (10th Cir. 1992). Therefore, we review the district court's imposition of sanctions for abuse of discretion, accepting the supporting factual findings unless clearly erroneous. See id. at 920, 921. The district court's discretion is limited by the requirement that the sanction be both "'just'" and "'related to the particular

---

[3]     Fed. R. Civ. P. 37(d) provides, in pertinent part:

**Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection**. If a party . . . fails . . . to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

The authorized actions include:  (A) an order establishing designated facts for the purpose of the action; (B) an order prohibiting a party from supporting or opposing designated claims or defenses or introducing designated matters into evidence; and (C) an order striking out pleadings, staying further proceedings, dismissing the action or proceeding, or entering a default judgment. See Fed. R. Civ. P. 37(b)(2).

claim which was at issue.'" Id. at 920-21 (quoting Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707 (1982)).

"[D]ismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective." Jones v. Thompson, 996 F.2d 261, 265 (10th Cir. 1993). Accordingly, the district court has a duty to explain why dismissal was an appropriate sanction. See Ehrenhaus, 965 F.2d at 921. Before entering a dismissal, a district court must ordinarily consider, on the record, several factors designed to caution against premature or unreflective resort to this drastic sanction. See Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994). "These criteria include: '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" Id. (quoting Ehrenhaus, 965 F.2d at 921). [4]

Here, the district court considered the appropriate criteria before entering its order. First, the court found that Mr. Murray's failure to comply with discovery requests and the court's order prejudiced the county defendants, in that

---

[4] While we construe their pleadings liberally, pro se litigants "must follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). "[W]e have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." Id. (citing cases).

they were forced to make litigation decisions without the relevant information and to incur additional expenses. Concerning the second factor, "the amount of interference with the judicial process," the court found that Mr. Murray's behavior stalled the litigation and thwarted defendants' ability to be adequately represented. As for the "culpability of the litigant," Mr. Murray testified that he failed to produce the discovery responses in spite of a court order simply because he needed additional time. The court found this to be an intentional and willful disregard of the court's order.

The fourth factor is whether the party was notified that its failure to comply with court orders might result in dismissal. Mr. Murray was not specifically warned, but as the district court found, he was undoubtedly aware that the court could utilize this sanction. Although the orders were later rescinded or reversed, the court had previously dismissed the case twice.

Finally, the district court considered but rejected the efficacy of lesser sanctions. Earlier, the court had extended deadlines and accepted late filings. When it entered an order compelling production of the written responses, Mr. Murray failed to comply. The court concluded that no lesser sanction would serve the interest of justice. [5]

---

[5] We note that the court's dismissal was directed only to the claims made against the defendants affected by his lack of cooperation in discovery.

We have reviewed the entire record on appeal. Notwithstanding Mr. Murray's claim that he acted in good faith, the record supports the district court's factual findings and its analysis of the relevant factors. Accordingly, the district court's order of dismissal of the county defendants did not amount to an abuse of discretion.

**B.    Entry of summary judgment pursuant to Fed. R. Civ. P. 56**

Mr. Murray also asserts that the district court's entry of summary judgment in favor of the marshal service was improper. "We review a decision granting summary judgment de novo, using the same legal standard applicable in the district court." Jantzen v. Hawkins, 188 F.3d 1247, 1251 (10th Cir. 1999).

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether the evidence presents a genuine issue of material fact, we view it in the light most favorable to the party against whom summary judgment was entered . . . .

Id. (quotations and citations omitted). However, once the party seeking summary judgment has supported its motion, the nonmoving party, here Mr. Murray, cannot rest on mere allegations but must present evidence of specific facts to support his assertions. See Muck v. United States, 3 F.3d 1378, 1380 (10th Cir. 1993).

For Mr. Murray to establish the liability of the marshal service, he must, at a minimum, identify the specific officers of the marshal service who allegedly

participated in the 1994 stop. Cf. Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997) (repeating the rule that individual liability "under § 1983 must be based on personal involvement in the alleged constitutional violation"). In support of its motion, the marshal service submitted affidavits and documentation indicating that officers Blair and Dawes worked on different nights and that no other marshal service officer participated in the 1994 stop. In response, Mr. Murray asserted that he had identified a witness "to testify to the involvement of the named officer or officers," and that the marshal service had "a duty to investigate the witness and the relevant facts known." R., Vol. I, doc. 106 at 2. He also argued that the marshal service's affiants were "intentionally lying under oath." Id. at 3.

After reviewing the entire record, we agree with the district court that Mr. Murray failed to come forward with facts showing that an officer of the marshal service participated in the stop. Therefore, summary judgment was the appropriate disposition of all claims against the marshal service.

**CONCLUSION**

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED. The motion to dismiss filed by the county defendants is DENIED. The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge