**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**APR 10 2000**

**PATRICK FISHER**
**Clerk**

_____

TONY LAMAR VANN,

     Plaintiff-Appellant,

v.

JAMES SAFFLE, Director of D.O.C.;
DELORES RAMSEY, Director Designee;
MIKE ADDISON, Warden of O.C.C., a/k/a
Michael K. Addison; RITA MAXWELL,
Warden, Warden of J.D.C.C.,

     Defendants-Appellees.

No. 99-7125
(E.D. Okla.)
(D.Ct. No. 98-CV-377-B)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

_____

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Tony Lamar Vann, a state prisoner appearing *pro se*, appeals the district court's dismissal of his § 1983 complaint following his failure to respond to a motion to dismiss and for summary judgment filed by various Oklahoma Department of Corrections officials (department officials). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

In his complaint, Mr. Vann asserted claims under 42 U.S.C. § 1983 and other federal and state laws against department officials in connection with his transfer from a private Texas correction facility to an Oklahoma facility. Specifically, his complaint centers on his perceived problems with the Oklahoma facility, including his complaints about its misconduct policy, overcrowding, rules on disciplinary segregation and transit detention, medical care, administration of inmate trust funds, food service, treatment of law clerks, and asbestos problems.

On December 30, 1998, the department officials filed a motion to dismiss and for summary judgment, based on *res judicata* and other grounds. Following the officials' filing of this motion, Mr. Vann filed a litany of motions, objections and applications. However, despite Mr. Vann's filing of these numerous pleadings, he never filed a response to the department officials' motion to dismiss and for summary judgment. As a result, on September 30, 1999, the federal

district court issued a minute order, granting the Department of Corrections officials' motion, and dismissing Mr. Vann's complaint pursuant to Eastern District of Oklahoma's Local Rule 7.1(B) for failure to respond to the motion.[1] Mr. Vann now appeals the district court's minute order, claiming he filed an objection to the motion at issue, demanding a jury trial, and raising issues concerning the merits of his § 1983 complaint.

We review the district court's dismissal of Mr. Vann's failure to comply with Local Rule 7.1(b) for an abuse of discretion. *See Murray v. Archambo*, 132 F.3d 609, 610-11 (10th Cir. 1998). In examining the district court's ruling for an abuse of discretion, we consider three factors: (1) the degree of actual prejudice to the defendants, (2) the amount of interference with the judicial process; and (3) the culpability of the litigant. *Id.* at 611. Only when these aggravating factors outweigh the judicial systems's strong predisposition to resolve cases on their merit, do we consider outright dismissal with prejudice an appropriate sanction. *See Miller v. Department of Treasury*, 934 F.2d 1161, 1162 (10th Cir. 1991) (discussing principles applicable to dismissal for failure to comply with a similar

---

[1] Rule 7.1(B) requires filing of a pleading or response to a motion within fifteen days. Failure to comply with this provision constitutes a "confession of the matters raised by the pleadings" at issue. *See* E. Dist. Ok. Local Rule 7.1(B).

local rule), *cert. denied*, 502 U.S. 1111 (1992).

Keeping these standards and principles in mind, and on examination of the record, we find no abuse of discretion by the district court. Ordinarily, we require the district court to explicitly set forth a thorough analysis of the three determinative factors set forth in *Murray*, before affirming the dismissal of a complaint for failure to comply with local court rules. *See Murray*, 132 F.3d at 611; *Miller*, 934 F.2d at 1162; *accord Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395-96 (10th Cir. 1988). However, we have affirmed district court cursory minute and other orders where the circumstances clearly warrant.

In this case, the circumstances warrant dismissal. We begin by noting the record shows Mr. Vann unsuccessfully pursued some of the same claims, asserted in this suit, in a state suit. In addition, in this litigation, he filed thirty-two seemingly meritless motions, objections or applications in the course of only eight months. We find this evidence of his predilection for repetitious litigation.

We next proceed by applying the three factors outlined in *Murray* to the circumstances in this case. First, it is apparent Mr. Vann's failure to respond to the department officials' motion, and his needless filing of obscure pleadings,

caused considerable prejudice to the department officials by delaying any disposition of the suit against them and because they were required to file responses to those pleadings. Second, the random filing of Mr. Vann's pleadings clearly required the district court to issue a series of orders, thereby consuming the court's time and interfering with the judicial process.

Finally, despite his obvious ability and predisposition for filing pleadings, we find nothing in the record to explain why Mr. Vann declined to respond to the challenged motion. While Mr. Vann claims he timely filed an objection, that objection dealt, in part, with the department officials' motion to quash his subpoena request, and contained only a short, conclusory assertion of his subjective perception that federal judges are predisposed to denying inmates jury trials. In addition, Mr. Vann does not contend he never received the department officials' motion or that anything prohibited his ability to respond. We find his inability to explain his failure to respond determinative. Moreover, we note the district court generously afforded Mr. Vann over 250 days, after his objection to the motion was due, before dismissing his complaint. Although we hold Mr. Vann's *pro se* pleadings to a less stringent standard than those drafted by attorneys, his *pro se* status does not excuse him from complying with the fundamental requirements of the Federal Rules of Civil Procedure. *See Ogeden v.*

*San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994), *cert. denied*, 513 U.S. 1090 (1995).


Under these circumstances and an analysis of the requisite factors, we hold the prejudice to the department officials, interference with the judicial process and Mr. Vann's culpability in failing to timely file a response, outweigh any predisposition to resolve his case on the merits. For these reasons, we **AFFIRM** the district court order dismissing Mr. Vann's § 1983 complaint. We also remind Mr. Vann of his obligation under our January 3, 2000 Order to continue to make partial payments of costs and fees associated with his appeal.


                              **Entered by the Court:**

                              **WADE BRORBY**
                              United States Circuit Judge