**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 13 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

J.O. TOBIN, LTD., a Horse Syndicate
of the Commonwealth of Kentucky,

      Plaintiff-Appellant,

v.

CROWN WEST FARMS, INC.,
a Canadian corporation; BRIAN
KOZACK; LEROY BROWN;
KAREN BROWN,

      Defendants-Appellees.

No. 99-2261
(D.C. No. CIV-97-1706)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **ANDERSON** , and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff appeals from the district court's order dismissing its amended complaint without prejudice. Plaintiff contends that the dismissal was based on its alleged failure to comply with a local rule allowing fourteen days to respond to a motion to dismiss served on it by defendants Crown West Farms, Inc. and Brian Kozak (Crown & Kozak). It asserts error due to the district court's failure to consider the factors set out in *Murray v. Archambo*, 132 F.3d 609, 611 (10th Cir. 1998), and an unidentified conflict with the Federal Rules of Civil Procedure. Plaintiff alleges irreparable prejudice because the statute of limitations has now run on its claims against defendants.

Plaintiff also contends that it did not violate the local rule in question, D.N.M. Local Rule 7.6, on the theory that the allowed time for response could have run from the magistrate judge's ruling granting defendants Crown & Kozak's motion for extension of time to respond, despite the fact that the ruling acknowledged the motion to dismiss had been filed earlier and stated that the court deemed the motion to dismiss a timely response to the amended complaint. *See* Appellant's App., tab 14. Based on its contention that its response to the motion was timely, plaintiff also argues that the district court was "statutorily and constitutionally" required to consider its response to the motion to dismiss before ruling. *See* Appellant's Br. at 7. Finally, plaintiff argues that the district court

could not have dismissed its complaint as to defendants Lee Roy and Karen Brown because they did not join the motion to dismiss.

All of these arguments are foreclosed by the district court's ruling granting defendants Crown & Kozak's motion to dismiss. The ruling concludes that plaintiff's response to the motion to dismiss was untimely and therefore in violation of the local rule in question. However, it also concludes, based on the district court's review of the motion and relevant law, "that the jurisdictional defects complained of are well founded and that the motion is generally well taken." [2] Appellant's App., tab 18, at 2. Because plaintiff does not challenge the district court's conclusion that the amended complaint was jurisdictionally defective, its arguments on appeal cannot prevail. *See Murrell v. Shalala*, 43 F.3d 1388, 1390 (10th Cir. 1994). The court's jurisdictional ruling is an independent and alternative basis for dismissal which supports the court's dismissal of the amended complaint as to all defendants.

---

[2] The jurisdictional defects complained of included personal jurisdiction over defendants generally and under RICO specifically, improper venue, failure to state a claim under RICO, failure to allege required specific elements under RICO, and lack of standing. *See* Appellant's App., tab 18, at 1-2.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge