**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 18 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

RICHARD ROBINSON,

     Plaintiff-Appellant,

v.

MIKE ADDISON; BARBARA LEWIS; JIM
SAFFEL; DR. LOWE; BRIAN BARNES;
DOLORES RAMSEY,

     Defendants-Appellees.

No. 00-7010
(E.D. Okla.)
(D.Ct. No. 99-CV-358-S)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

_____

     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

_____

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Richard Robinson, a prisoner appearing *pro se*, appeals the district court's decision dismissing his 42 U.S.C. § 1983 complaint for failure to respond, as required under a local court rule, to the State of Oklahoma's motions to dismiss and for summary judgment. We exercise our jurisdiction under 28 U.S.C. § 1291 and reverse and remand for further proceedings consistent with this decision.

Shortly after Mr. Robinson filed his § 1983 complaint, the State of Oklahoma responded with motions to dismiss and for summary judgment. Mr. Robinson responded by submitting to the clerk of court for filing a "response and motion for summary judgment." On December 9, 1999, a deputy clerk "[a]t the direction of the court," returned Mr. Robinson's "response and motion for summary judgment" as "unfiled" because it apparently contained multiple motions or requests. The letter stated "[i]f you are requesting action by the court, you must file *Separate Motions*, pursuant to Local Rule 7.1.(B)." (Emphasis in original.) Seven days later, the district court entered a minute order granting the State's motions to dismiss and for summary judgment based on Mr. Robinson's "failure to respond pursuant to [Eastern District of Oklahoma] Local [Civil] Rule 7.1(B)." The minute order did not indicate whether the district court dismissed the complaint with or without prejudice.

In his appeal, Mr. Robinson complains, in part, that the district court's dismissal of his complaint improperly conflicted with its own court rule. Mr. Robinson's argument is in reference to Local Civil Rule 7.1(B), which states:

> Each motion, application, or objection filed shall be a separate pleading, except where alternative pleading is allowed by law or these Rules.... A separate pleading in opposition or response to each motion, application, or objection shall be filed within fifteen (15) days, which includes three (3) days for mailing allowed by Rule 6(e), Federal Rules of Civil Procedure, after the filing of the motion, application, or objection.... Any failure to comply with this paragraph will constitute a waiver of any objection by the noncomplying party, and the failure to comply will constitute a confession of the matters raised by the pleadings.

E.D. Okla. Local Civ. R. 7.1(B).

We review the district court's dismissal of a complaint under Local Civil Rule 7.1(B) for an abuse of discretion, considering the degree of actual prejudice to the defendant, the amount of interference with the judicial process and the culpability of the litigant. *See Murray v. Archambo*, 132 F.3d 609, 610-11, n.2 (10th Cir. 1998). "Only when these aggravating factors outweighed the judicial system's strong predisposition to resolve cases on their merits is outright dismissal with prejudice an appropriate sanction." *Id.* (quotation marks and alterations omitted). We have concluded measures other than outright dismissal of a complaint should be considered even when a non-movant fails to respond. *See Meade v. Grubbs*, 841 F.2d 1512, 1520-22 (10th Cir. 1988).

Applying our standard of review to the circumstances presented, we hold the district court abused its discretion in dismissing Mr. Robinson's complaint for failure to file a response pleading. The record shows Mr. Robinson did in fact submit a responsive pleading, which the clerk returned as "unfiled" because it did not contain separate pleadings for each request contained therein. The clerk's statement that "[i]f you are requesting action by the court, you must file Separate Motions, pursuant to Local Rule 7.1.(B), " would lead any *pro se* litigant, like Mr. Robinson, to conclude he could resubmit his response. However, only seven days after the clerk sent this document back to Mr. Robinson, the district court nevertheless dismissed Mr. Robinson's complaint for "failure to respond pursuant to Local Rule 7.1(B)."

Thus, regardless of whether the dismissal was with or without prejudice, we find the dismissal in this case inappropriate given Mr. Robinson submitted a response, albeit in an improper form, and most likely believed he could resubmit another response. Moreover, applying the factors we must consider, no evidence exists showing the State experienced prejudice from Mr. Robinson's delay in resubmitting his response or that the delay interfered with the judicial process.[1]

---

[1] The State advises us Mr. Robinson did not mail his responsive pleading until December 3, 1999. Even if Mr. Robinson did not submit his responsive pleading for filing by the deadline, we find the dismissal inappropriate given the clerk of court, acting

-4-

As to Mr. Robinson's culpability, we remind the district court he is proceeding *pro se*. While *pro se* litigants are bound to follow rules of procedures, *c.f. Meade*, 841 F.2d at 1521, the clerk's letter in this case did not indicate Mr. Robinson's response was already untimely or would be untimely if not resubmitted in a certain number of days.[2] Our holding on Mr. Robinson's lack of culpability is strengthened by the fact his only other procedural infraction concerned his failure to file a "proper Certificate of Service" as required by another local rule. *See Meade*, 841 F.2d at 1520. While Mr. Robinson may have been required to resubmit a responsive pleading in compliance with the local rule on filing separate pleadings, we hold the district court abused its discretion in dismissing his *pro se* complaint for failure to respond only seven days after the clerk notified Mr. Robinson his responsive pleading did not comply with the rule on filing separate pleadings and indicated it could be resubmitted.

For these reasons, the judgment of the United State District Court for the Eastern District of Oklahoma is **REVERSED** and **REMANDED** for further

_____

under the direction of the district court, did not advise Mr. Robinson that his pleading was untimely, but instead sent it back to him to resubmit.

[2] On remand, we leave any determination of the sufficiency of the complaint or the propriety of the State's motions to the district court.

proceedings consistent with this opinion.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge