Fernando BUSTILLO, Plaintiff–Appellant,

v.

Kathleen HAWK; Patrick Kane; Bill Story; R. Wilford; Elena White; J. Oliver; D. Vanhuss; Charles "Chuck" Smith; M. Gambol; Robert Baysinger; Clarence Stratman; J.J. Lindsey; C.C. Rogers; C.C. Mullens; H.H. Sanchez, in their Individual and Official Capacities; Lee Green; J. Rymer; D. Williams; R.K. Hoekman; M. Linen; Edwin L. Hughston; R. Younglove; B. Lanisch; B. Bunch; David Ramey; R. Soto; W. Lumbattis; R. Cambiazo; J. Mccarty; P. Shaffer; R. Poitras; T. Dunkin; T.N. Farschon; J. Oakland; J. Kuznicki; N. Whiting; R. Racine; G. Maroni; P. Farrington; R. Montgomery; Henry Long; R. Gotreaux; J. Principe; C. Sanchez; R. Williams, Defendants-appellees.

---

No. 01–1272.

United States Court of Appeals,
Tenth Circuit.

Aug. 19, 2002.

Fernando Bustillo, Florence, CO, for Plaintiff–Appellant.

Richard T. Spriggs, Asst. U.S. Attorney, Mark S. Pestal, Asst. U.S. Attorney, Martha Ann Paluch, Office of the United States Attorney, Denver, CO, for Defendants–Appellees.

Before HENRY, Circuit Judge, BRORBY, Senior Circuit Judge, BRISCOE, Circuit Judge.

### ORDER AND JUDGMENT*

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

### INTRODUCTION

Plaintiff Fernando Bustillo is a prisoner at the United States Penitentiary ADX Super Maximum Facility in Florence, Colorado. Proceeding pro se and in forma pauperis, he filed this civil rights suit under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) in August 1995, asserting claims against forty-five employees and officials of the United States Bureau of Prisons in both their individual and official capacities. On February 8, 1996, he filed a verified amended complaint, enumerating thirty-six claims against defendants. R., Vol. 1, doc. 40.

Nine defendants—the "Story defendants"—waived service of process. The district court granted summary judgment in favor of these defendants—Story, Baysinger, Wilford, Stratman, White, Oliver, Smith, Sanchez, and Gambol. The court also granted summary judgment to all of the defendants on plaintiff's claims against them in their official capacities. The court ultimately dismissed plaintiff's claims against the other thirty-six defendants in their individual capacities on the basis that he failed to explicitly and timely request that they be served with the amended complaint.

Plaintiff appeals. We have jurisdiction under 28 U.S.C. § 1291. We affirm summary judgment in favor of the nine Story defendants. We also affirm summary judgment in favor of all of the defendants on plaintiff's claims against them in their official capacities. We further affirm the dismissal of the amended complaint as to the unserved defendant Kane, who has died, and as to defendants Hawk and Van-Huss on grounds of waiver. However, we reverse the dismissal of the individual capacity claims against the other thirty-three unserved defendants because plaintiff made an explicit and timely request for service.

### ISSUES RAISED ON APPEAL

Plaintiff raises five categories of issues on appeal. First, he contends that the district court erred in granting summary judgment to all defendants on his claims against them in their official capacities, in not striking defendant Stratman's declaration attached to the Story defendants' motion to dismiss, in misusing summary judgment proceedings with regard to Dr. Stratman and the other Story defendants, and in striking his first response to the Story defendants' motion for summary judgment. Second, he argues that the dis-

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

trict court erred by refusing to order that all parties be served with the amended complaint, which amounted to denying him leave to amend and denied him access to the courts. Third, he maintains that the district court erred in ultimately denying his motion for a default judgment against the unserved defendants Hawk and Van-Huss. Fourth, he argues that the district court erred in denying him a preliminary injunction for defendants' continuous constitutional violations in retaliation against him for seeking judicial redress for his grievances. Fifth and finally, he asserts that the district court erred in denying his motion for disqualification of the district court and magistrate judge.

## ANALYSIS

### I. Summary Judgment

We first address plaintiff's arguments that the district court erred in granting summary judgment to all of the defendants on his claims against them in their official capacities, in not striking Dr. Stratman's declaration attached to the Story defendants' motion to dismiss, in misusing summary judgment proceedings with regard to Dr. Stratman and the other Story defendants, and in striking his first response to the Story defendants' motion for summary judgment. We find no merit to these contentions.

### A. Procedural History

On April 1, 1996, the Story defendants filed a motion to dismiss, attaching a declaration by defendant Dr. Stratman, the prison physician. R. Vol. 1, doc. 45. The magistrate judge recommended that defendants Hawk and Kane be dismissed from the case for lack of personal jurisdiction, that summary judgment be granted to all of the defendants on plaintiff's claims against them in their official capacities,

and that the motion otherwise be denied. *Id.*, doc. 62, at 5–6.

Because defendants attached evidence to their motion to dismiss, the district court construed the motion, as to defendant Stratman only, as one for summary judgment. *Id.*, Vol. 2, doc. 87, at 2, 8. The court then construed plaintiff's thirty-six numbered claims to state five claims for relief, once redundancy was removed:

(1) retaliation against Plaintiff for exercising his First Amendment rights to seek judicial redress for his grievances; (2) imposition of cruel and unusual punishment in violation of the Eighth Amendment; (3) taking his property without due process or compensation in violation of the Fifth Amendment; (4) denial of his Fifth Amendment due process rights in the grievance procedures; and (5) denial of [Plaintiff's] rights of equal protection by denying him equal access to the law library.

*Id.* at 7–8.

The court granted summary judgment in favor of defendant Dr. Stratman on the Eighth Amendment claim asserted against him, deliberate indifference to serious medical need. *Id.* at 8–9. The court denied the motion to dismiss as to the remaining Story defendants. *Id.* at 12. However, the court dismissed plaintiff's claims against all of the defendants in their official capacities because such claims may not be pursued under *Bivens*. *Id.* at 4–5; *see Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir.2001).

On June 25, 1998, the remaining eight Story defendants moved for summary judgment. R. Vol. 3, doc. 93. Plaintiff responded. *Id.*, Vol. 4, doc. 115. The magistrate judge struck plaintiff's response as not conforming to D.C. Colo. L.R. 5.1(F) and (I), in that it was "a carbon copy, is 90 pages in length, handwritten, and single spaced." *Id.*, doc. 120. The

magistrate judge directed plaintiff to file a response that was no longer than twenty-six, double-spaced pages.[1] *Id.* After reviewing plaintiff's objections to the order, the district court upheld the restrictions, noting that plaintiff's response also violated D.C. Colo. L.R. 7.1(H). *Id.,* doc. 123. Plaintiff filed a second response complaining about the district court's order, and the court granted summary judgment to the remaining eight Story defendants on plaintiff's claims against them in their individual capacities. *Id.,* Vol. 4, doc. 159.

## B. Our Decision

Because plaintiff did not object to the magistrate judge's recommendation to dismiss his claims against defendants in their official capacities, he waived that issue. R., Vol. 1, doc. 64; *Key Energy Res. Inc. v. Merrill (In re Key Energy Res. Inc.),* 230 F.3d 1197, 1199–1200 (10th Cir.2000). We therefore affirm the grant of summary judgment in favor of all of the defendants on plaintiff's claims against them in their official capacities.

We review de novo the grants of summary judgment in favor of Dr. Stratman and the other Story defendants, using the same standard as the district court. *Cooperman v. David,* 214 F.3d 1162, 1164 (10th Cir.2000). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Plaintiff's motion to strike Dr. Stratman's declaration sought to exclude evidence and we therefore review the district court's denial of the motion for an abuse of discretion. *See Cartier v. Jackson,* 59 F.3d 1046, 1048 (10th Cir.1995). We agree with the district court that Rule 56(c) contemplates that affidavits will be filed by the moving party and uphold the court's decision not to strike Dr. Stratman's declaration. We also uphold the grant of summary judgment in favor of Dr. Stratman because plaintiff does not point us to any evidence in support of his Eighth Amendment claim that Dr. Stratman was deliberately indifferent to his serious medical needs. *See Oxendine v. Kaplan,* 241 F.3d 1272, 1276 (10th Cir.2001).

We also uphold the district court's decision to strike plaintiff's first response to the Story defendants' motion for summary judgment. A pro se litigant must comply with the rules of procedure, including local rules. *See Green v. Dorrell,* 969 F.2d 915, 917 (10th Cir.1992). When a district court exercises its power to enforce compliance with its local rules, we review its decision only for abuse of discretion. *Murray v. Archambo,* 132 F.3d 609, 610 (10th Cir.1998). Contrary to plaintiff's assertion, the district court did not restrict plaintiff's presentation of *evidence;* rather, the district court limited the length of plaintiff's *brief.* We find no abuse of discretion in the court's decision to strike plaintiff's ninety-page brief. And even though twenty-six pages is a somewhat restrictive page limit for a handwritten, double-spaced brief, plaintiff squandered the opportunity to file a response meeting the district court's requirements and has

---

1. We observe that plaintiff's pleadings were typewritten and double-spaced until the Bureau of Prisons removed the typewriter from the prison law library. At that point, plaintiff began printing his pleadings by hand, frequently single-spacing the lines.

Providing typewriters is certainly not required, but does assist us in our review of pro se documents.

failed to tell us what essential points of law he could not argue because of the restriction in length. We therefore find no abuse of discretion in the court's decision to restrict plaintiff's revised response based on its local rules.

We also affirm the grant of summary judgment to the eight Story defendants other than Dr. Stratman. Plaintiff has failed to argue on appeal the merits of any of his claims against them and point to evidence presented in support of those claims. Rather, he incorrectly asserts that the district court inappropriately allowed the Story defendants to file two motions for summary judgment. In fact, the Story defendants, including Dr. Stratman, initially filed a motion to dismiss. R. Vol. 1, doc. 45. Because they attached Dr. Stratman's declaration to that motion, the district court construed the motion, as to Dr. Stratman only, as one for summary judgment. *Id.*, Vol. 2, doc. 87, at 2, 8. Therefore; the district court did not err by allowing the remaining eight Story defendants to file a motion for summary judgment later. Nothing in the district court's actions supports plaintiff's assertion that the court misused summary judgment proceedings.

## II. Service of Process

### A. Defendants Hawk and VanHuss

#### 1. Procedural History

Because the district court believed that defendants Hawk and VanHuss had been served, *see id.*, Vol. 5, doc. 193, the court directed the clerk in May 2000 to enter notice of default against them for failure to appear or otherwise defend, *id.*, Vol. 4, docs. 164, 165. Defendants moved to set aside the default on the basis that they had received the complaint by certified mail rather than by personal service, as required by Fed.R.Civ.P. 4(e). *Id.*, doc. 166.

The motion was originally denied, *id.*, Vol. 5, doc. 170, but upon reconsideration was granted, in spite of plaintiff's assertion that defendants had waived personal service by participating in dispositive motions, *id.*, docs. 172, 186. Defendants Hawk and VanHuss then moved to dismiss for lack of personal service. *Id.*, doc. 174. The matter was referred to the magistrate judge, who recommended that plaintiff's remaining claims be dismissed for failure to effect personal service. *Id.*, doc. 195. The district court adopted the recommendation and, on March 8, 2001, dismissed plaintiff's claims against defendants Hawk and Van-Huss in their individual capacities without prejudice for failure to effect personal service. *Id.*, doc. 199.

#### 2. Our Decision

■ Plaintiff waived his argument regarding failure of service as to defendants Hawk and VanHuss by failing to raise it in his objections to the magistrate judge's recommendation that they be dismissed. *See* R., Vol. 5, doc. 196; *Key Energy Res.*, 230 F.3d at 1199–1200. In his objections, plaintiff made a different argument that he does not pursue on appeal—that defendants Hawk and VanHuss had waived personal service by participating in dispositive motions. In any event, the record does not support the assertion that these defendants participated as parties in any dispositive motion.

### B. Defendant Kane

The claims against defendant Kane were dismissed with prejudice due to his death. R., Vol. 5, doc. 183. Because plaintiff does not challenge this decision on appeal, we will not disturb it.

### C. The Remaining Thirty–Three Unserved Defendants

On March 1, 2000, the district court ordered plaintiff to show cause why the

amended complaint should not be dismissed without prejudice against thirty-three of the unserved defendants for failure to effect personal service. *Id.,* Vol. 4, doc. 156. Stating that plaintiff had not timely requested that service be effected by the court, the court dismissed without prejudice plaintiff's remaining claims against these defendants for failure to effect personal service. *Id.,* Vol. 5, doc. 193 (numbered out of sequence).

We review for abuse of discretion the district court's dismissal of a complaint for failure to effect personal service within 120 days of filing. *See Espinoza v. United States,* 52 F.3d 838, 840 (10th Cir.1995); *see also* Fed.R.Civ.P. 4(m) (affording district court choice between "dismiss[ing] the action without prejudice" or "direct[ing] that service be effected within a specified time"). When a district court allows a plaintiff to proceed in forma pauperis, service of process is effected by an officer of the court. 28 U.S.C. § 1915(d). The district court held, however, that plaintiff, though he was proceeding in forma pauperis, was required to request that service be effected. *See* Fed.R.Civ.P. 4(c)(2); *see also Boudette v. Barnette,* 923 F.2d 754, 756–57 (9th Cir.1991).

■ Plaintiff maintains that the district court distorted the record by falsely holding that he never requested that all parties be served. In the district court, plaintiff asserted that he requested service in February 1996 after he filed his amended complaint, and again "as early as" July 1998. R., Vol. 4, doc. 161, at 3. The district court correctly held that there is nothing in the record to support the assertion that plaintiff requested service in February 1996. Plaintiff has pointed out on appeal, however, that he formally requested that service be effected in his "appeal" of the magistrate judge's order denying discovery filed on May 29, 1996. *Id.,* Vol. 1, doc. 53, at 2.

Because plaintiff filed his amended complaint on February 8, 1996, his May 29, 1996 request for service was timely and should have been addressed. Even if a request for service is required, nothing in Rule 4 requires that a request for service be made in a separate motion. We therefore hold that the district court abused its discretion in dismissing the amended complaint for failure to effect personal service against thirty-three defendants and remand for service to be effected.

### III. Default Judgment Against Defendants Hawk and VanHuss

■ Plaintiff argues that the district court erred in denying his motion for default and default judgment against defendants Hawk and VanHuss. As stated above, the record does not support plaintiff's assertion that these defendants waived service by participating as parties in dispositive motions. Plaintiff's argument that he was entitled to a default judgment is therefore without merit. These defendants were never properly served and plaintiff's challenge to their dismissal on that basis is waived.

### IV. Preliminary Injunction

Next, plaintiff asserts that the district court erred in denying him a preliminary injunction for defendants' continuous constitutional violations against him in retaliation for seeking judicial redress for his grievances. On December 9, 1996, plaintiff filed a motion for a preliminary injunction, seeking to enjoin defendants from allegedly denying him access to the law library and violating his rights against cruel and unusual punishment. R., Vol. 2, doc. 68. Only the Story defendants responded to the motion. *Id.,* doc. 91. The district court held an evidentiary hearing on the motion on November 24, 1998, *id.,*

Vol. 4, doc. 114, and entered an order denying the motion on March 17, 1999, *id.,* doc. 117.

 Defendants-appellees have challenged our jurisdiction to consider this issue, arguing that plaintiff failed to designate the order denying the preliminary injunction in his notice of appeal or provide the functional equivalent. We do not agree. The procedural rules provide that a notice of appeal must "designate the judgment, order, or part thereof being appealed." Fed. R.App. P. 3(c)(1)(B). As a result, "appellate review is limited to final judgments or parts thereof that are designated in the notice of appeal." *Cunico v. Pueblo Sch. Dist. No. 60,* 917 F.2d 431, 444 (10th Cir.1990). Nevertheless, "our jurisdiction will not be defeated if other papers filed within the time period for filing the notice of appeal provide the 'functional equivalent' of what Rule 3 requires." *Denver & Rio Grande W. R.R. v. Union Pac. R.R.,* 119 F.3d 847, 849 (10th Cir. 1997) (citation omitted). "[A] docketing statement filed within the time limits for filing a notice of appeal which 'clearly describe[s]' the issues on appeal serves as the 'functional equivalent' of a properly drafted Rule 3 notice of appeal." *Trotter v. Regents of Univ. of N.M.,* 219 F.3d 1179, 1184 (10th Cir.2000) (quoting *Denver & Rio Grande W. R.R.,* 119 F.3d at 849).

In this case, plaintiff failed to designate in his notice of appeal the order denying his motion for a preliminary injunction. R., Vol. 5, doc. 203. His docketing statement was timely filed to serve as the functional equivalent of a notice of appeal, however. *See* Fed. R.App. P. 4(a)(1)(B). It lists the "preliminary injunction" as an issue for appeal. Pro Se Docketing Statement at 2. Although this brief reference presents a close question, we believe that plaintiff's docketing statement provides the notice required by Rule 3. Therefore, we have jurisdiction to review this issue.

Nevertheless, we affirm. Plaintiff has failed to support his argument with any citations to the district court record. We need not and will not sift through this case's voluminous record to find support for plaintiff's arguments. *See SIL–FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1514 (10th Cir.1990).

## V. Motions to Disqualify District Court and Magistrate Judge

Finally, plaintiff asserts that the district court erred in denying his motions for disqualification. Plaintiff filed his first motion for disqualification on May 27, 1999, contending that the magistrate judge and district court had openly aligned themselves with defendants. R., Vol. 4, doc. 122. The district court denied the motion on May 28, 1999. *Id.,* doc. 124. Plaintiff filed a supplemental motion for disqualification on September 23, 1999, *id.,* doc. 144, which was denied on October 5, 1999, *id.,* doc. 145. Plaintiff did not state his intent to appeal the district court's orders denying his motions for disqualification in his notice of appeal. *See id.,* Vol. 5, doc. 203. In his docketing statement, however, plaintiff asserted that "[t]he district court routinely denies appellant access to the court, ignores appellant's evidence, [and] routinely abandons its impartiality by assisting the defendants." Pro Se Docketing Statement at 2. This presents another close question, but we believe that plaintiff's docketing statement provides adequate notice under Fed. R.App. P. 3. For the same reasons set out above, we have jurisdiction to consider this issue.

And for the same reason set out above, we affirm. Plaintiff has utterly failed to support his argument with citation to the record. We will not sift through this case's voluminous record to find support for his arguments. *See SIL–FLO,* 917 F.2d at 1514.

404

*MOTIONS FILED IN THIS COURT*

Plaintiff has filed a number of motions in this court related to the alleged confiscation of or damage to his legal materials and the alleged deprivation of adequate food or adulteration of food by prison guards. The appeal is fully briefed, and the motions related to his legal materials are denied as moot. The substantively collateral motions related to food service are denied.

*CONCLUSION*

Plaintiff paid the appellate filing fee and his application to proceed on appeal without prepayment of fees and costs is denied as moot. The judgment of the United States District Court for the District of Colorado is AFFIRMED in part, REVERSED in part, and the case is REMANDED for further proceedings consistent with this order and judgment.