**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 17, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAMELA SMITH,

    Plaintiff - Appellant,

v.

STATE OF OKLAHOMA *ex rel.*
TULSA COUNTY DISTRICT
ATTORNEY OFFICE; STATE OF
OKLAHOMA *ex rel.*
DEPARTMENT OF PUBLIC
SAFETY; OKLAHOMA
ATTORNEY GENERAL,

    Defendants - Appellees.

No. 19-6123
(D.C. No. 5:19-CV-00426-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

This appeal grew out of a state employee's alleged sexual assault of

Ms. Pamela Smith when she was an inmate. Ms. Smith unsuccessfully sued

_____

[*]    Oral argument would not materially help us to decide this appeal. We
have thus decided the appeal based on the appellate briefs and the record
on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

the employee in a prior suit. Ms. Smith then brought this suit against two state entities (the district attorney's office and the department of public safety) and a state official (the state attorney general). The defendants moved to dismiss, and Ms. Smith failed to respond. Based on the existing record, the district court granted the motion to dismiss as confessed and on the merits, ruling that the claims were time-barred, precluded by collateral estoppel, and subject to the defendants' immunities. Ms. Smith appeals, and we affirm.

1. **The defendants did not default or deceive the district court regarding service of their motion to dismiss.**

Ms. Smith contends that the defendants defaulted on the complaint and deceived the district court regarding service of the motion to dismiss. We reject these contentions.

*Entry of a default.* The clerk of the district court can enter a default when the record shows that the defendants failed to timely respond to a complaint within the allotted time period. Fed. R. Civ. P. 55(a). But Ms. Smith didn't file a proof of service, so the court clerk had no basis to enter a default against the defendants.

Ms. Smith asks us to enter a default judgment in her favor. But courts of appeals cannot enter default judgments; those are entered by district courts. *See* Fed. R. Civ. P. 55(b).

2

*Deception regarding service of the motion to dismiss.* The defendants moved to dismiss and certified that the motion had been sent to Ms. Smith. But Ms. Smith denied that she'd received the motion, so she complained in a letter filed with the court clerk. Soon after that letter was filed, the defendants sent another copy of their motion to dismiss to Ms. Smith.

The district court then ordered the defendants to resend their motion to Ms. Smith. Because the defendants had already resent their motion three days before the district court's order, they did not send Ms. Smith a third copy. Instead, the defendants filed a certificate stating that the motion to dismiss had been sent a second time to Ms. Smith.

Ms. Smith argues in her reply that this certificate was fraudulently deleted from the Pacer system. But the certificate continues to appear on the district court's docket sheet, is included in our record on appeal, and is available to us when we access the docket sheet.[1]

Ms. Smith also argues that she never received the motion to dismiss from the defendants. This argument implicates the treatment of the motion as confessed. If Ms. Smith did not receive the motion to dismiss, it should not have been treated as confessed.

---

[1] The docket entry for the certificate appears on the docket sheet in Ms. Hill's appendix, but not on the docket sheet attached to her reply brief.

3

When a district court rules that a motion was confessed, we typically apply the abuse-of-discretion standard. *Murray v. Archambo*, 132 F.3d 609, 610 (10th Cir. 1998). Though Ms. Smith does not mention the standard of review, we note that she extensively argues that the defendants never mailed the motion to dismiss to her and actively deceived the court. We have no way of knowing who is telling the truth or why Ms. Smith didn't receive the motion to dismiss. The defendants have attested that they twice mailed the motion to dismiss to Ms. Smith at the post office box number that she has used in her own filings. But Ms. Smith denies that she's received these mailings from the defendants.[2]

In light of these denials, we decline to address the district court's treatment of the motion to dismiss as confessed. As noted above, the court ruled not only that the motion was confessed but also that it was valid on the merits based on theories of timeliness, collateral estoppel, and immunity. Two of these theories, timeliness and immunity, independently support the dismissal.

---

[2] Ms. Smith does not deny that she knew of the motion to dismiss by June 21, 2019. And, of course, the motion to dismiss was available from the court clerk's office. We do not know why Ms. Smith didn't ask the clerk's office for a copy of the motion to dismiss.

4

**2.     The dismissal was proper based on timeliness and immunity.[3]**

The district court concluded in part that the claims are time-barred and subject to the defendants' immunities. Ms. Smith does not address these parts of the district court's ruling. Given the absence of any argument by Ms. Smith, we decline to sua sponte address the district court's reliance on timeliness and immunity. *See Walters v. Wal-Mart Stores, Inc.*, 703 F.3d 1167, 1173 (10th Cir. 2013) (stating that we will not assume the role of advocate and make arguments on behalf of a pro se litigant).

**3.     Conclusion**

Though we decline to address the district court's ruling on confession of the motion to dismiss, we affirm based on the district court's alternative reliance on timeliness and immunity. The district court concluded that the claims were untimely and subject to immunity, and Ms. Smith has not challenged these parts of the ruling.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[3]     We need not address the defendants' reliance on collateral estoppel.

5