**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1997**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

THE DENVER & RIO GRANDE
WESTERN RAILROAD COMPANY,

    Plaintiff-Counter-Defendant -
    Appellant,

vs.

UNION PACIFIC RAILROAD
COMPANY,

    Defendant-Counter-Claimant -
    Appellee.

No. 96-3050

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 93-CV-1011)

---

Phillip R. Fields, Wichita, Kansas, for Plaintiff-Counter-Defendant - Appellant.

Kenton E. Knickmeyer (Michael D. O'Keefe, with him on the brief), Thompson
Coburn, St. Louis, Missouri, for Defendant-Counter-Claimant - Appellee.

---

Before KELLY, McWILLIAMS,[*] and HENRY, Circuit Judges.

---

    [*] Judge McWilliams participated in the oral argument of this case.
However, since oral argument, he has determined that he must be recused from
consideration of the matter. Therefore, he has not participated in the present
disposition. The remaining panel judges, if in agreement, may act as quorum in
resolving the appeal. See 28 U.S.C. § 46(d); Edwards v. Basel Pharm., No. 95-
6176, 1997 WL 342861, *5 n.* (10th Cir. June 20, 1997).

KELLY, Circuit Judge.

This lawsuit is part of the aftermath of a March 28, 1991, train collision near Cody, Kansas, on trackage controlled by Union Pacific Railroad Company. Both trains were owned by the Denver & Rio Grande Western Railroad Company, but pursuant to an agreement between the two railroads, were operated by crews employed by Union Pacific. The Denver & Rio Grande Western sought a declaratory judgment that Union Pacific was liable for the property damage and personal injury awards resulting from the accident. Proceedings in the district court were stayed pending arbitration. The arbitrator ruled in favor of Union Pacific, concluding that at the time the conductor improperly diverted his train into the path of the other he was, by virtue of the parties' agreement, the sole employee of the Denver & Rio Grande Western.

The Denver & Rio Grande Western moved to vacate the arbitrator's award, arguing that it violated Kansas's public policy prohibiting indemnification for acts of gross negligence. The district court denied the motion and confirmed the arbitrator's award, and the Denver & Rio Grande Western brought this appeal. Union Pacific cross-appeals, arguing that we have no jurisdiction in this matter because the Denver & Rio Grande Western's notice of appeal was defective.

Union Pacific's argument is based upon the Denver & Rio Grande Western's failure to designate the orders from which it appeals in its notice of appeal. See Fed. R. App. P. 3(c). Union Pacific further argues that a docketing statement cannot be used to cure a defective notice of appeal; regardless, they argue, the Denver & Rio Grande Western's docketing statement was filed late and with the incorrect court. The issues argued on appeal by the Denver & Rio Grande Western were resolved by the district court's orders of November 4, 1994 and January 25, 1995. While it is true that the Denver & Rio Grande Western failed to designate these orders in its notice of appeal, Union Pacific's arguments are unavailing. Although practitioners are expected to carefully comply with procedural rules, case law interpreting those rules is founded upon a policy which favors deciding cases on the merits as opposed to dismissing them because of minor technical defects. E.g., Foman v. Davis, 371 U.S. 178, 181-82 (1962) ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome . . . .") (citation omitted).

When a notice of appeal fails to designate the order from which the appeal is taken, our jurisdiction will not be defeated if other papers filed within the time period for filing the notice of appeal provide the "functional equivalent" of what Rule 3 requires. Torres v. Oakland Scavenger Co., 487 U.S. 312, 317 (1988); Hubbert v. City of Moore, 923 F.2d 769, 772 (10th Cir. 1991). The Denver & Rio

Grande Western filed its docketing statement within this time limit, see Fed. R. App. P. 4(a)(1) and 26(a), and with the proper court, see 10th Cir. R. 3.4.

The docketing statement filed by the Denver & Rio Grande Western clearly sets forth its intention to appeal from the undesignated orders, and the Union Pacific had adequate notice of the issue being appealed and will not be prejudiced. Bohn v. Park City Group, 94 F.3d 1457, 1460 (10th Cir. 1996); see Smith v. Barry, 502 U.S. 244, 248 (1992). Although it failed to designate the dates of the orders in its notice of appeal or docketing statement, the docketing statement clearly described the issues on appeal as those decided by the undesignated orders. Copies of these two orders of the district court were attached to the docketing statement, which was served on the defendant. Union Pacific had notice of the subject of the appeal, had copies of the pertinent orders, and thus suffered no prejudice from the omission. See Foman, 371 U.S. at 181; Cooper v. American Auto. Ins. Co., 978 F.2d 602, 607-09 (10th Cir. 1992). Thus, Union Pacific's argument that we have no jurisdiction fails.

For its part, the Denver & Rio Grande Western argues that the arbitrator's award should be set aside because it violates the public policy of the State of Kansas against indemnification for acts of gross negligence.

Once a dispute is properly before an arbitrator, the function of the courts in reviewing the arbitrator's decision is quite limited. First Options of Chicago v.

<u>Kaplan</u>, 514 U.S. 938, 942 (1995); <u>Bowles Fin. Group v. Stifel, Nicolaus & Co.</u>, 22 F.3d 1010, 1012 (10th Cir. 1994).  A court may only vacate an arbitration award for reasons enumerated in the Federal Arbitration Act, 9 U.S.C. § 10, or for a handful of judicially created reasons, <u>W. R. Grace & Co. v. Local Union 759</u>, 461 U.S. 757, 766 (1983) (courts may vacate arbitration awards which violate public policy); <u>Wilko v. Swan</u>, 346 U.S. 427, 436-37 (1953) (courts may set aside arbitration awards which are based upon a manifest disregard of the law), <u>overruled on other grounds</u>, 490 U.S. 477 (1989); <u>see also</u> <u>Bowles</u>, 22 F.3d at 1012-13 (courts may set aside arbitration awards if the arbitrator did not conduct a fundamentally fair hearing).  Outside of these limited circumstances, an arbitration award must be confirmed.  9 U.S.C. § 9.  Errors in either the arbitrator's factual findings or his interpretation of the law (unless that interpretation shows a manifest disregard of controlling law) do not justify review or reversal on the merits of the controversy.  <u>United Paperworkers Int'l Union v. Misco, Inc.</u>, 484 U.S. 29, 36-38 (1987); <u>ARW Exploration Corp. v. Aguirre</u>, 45 F.3d 1455, 1463 (10th Cir. 1995); <u>Bowles</u>, 22 F.3d at 1012.  Because of the courts' limited ability to review arbitration awards, their powers of review have been described as "among the narrowest known to the law." <u>ARW Exploration</u>, 45 F.3d at 1462.

Although the factual findings of the arbitrator are insulated from judicial review, a district court ruling on a motion to vacate may make its own factual findings regarding the reasons for which the motion should be denied or granted. We review those findings for clear error, First Options, 514 U.S. at 947-48; Kelley v. Michaels, 59 F.3d 1050, 1053 (10th Cir. 1995), and decide questions of law de novo, id.; ARW Exploration, 45 F.3d at 1462; Bowles, 22 F.3d at 1012.

The Denver & Rio Grande Western argues that the district court erred in denying its motion to vacate the arbitration award because it is based upon an agreement which violates public policy, and thus invokes one of the judicially created justifications for vacating an arbitration award. As discussed above, we review the district court's decision de novo. Given the arbitrator's finding that, pursuant to the agreement of the parties, the conductor responsible for the collision was the employee of the Denver & Rio Grande Western, the asserted public policy—prohibiting indemnification of a party for acts of its own gross negligence—is irrelevant. The Denver & Rio Grande Western has simply been held responsible for damages caused by the fault of one of its employees. We therefore need not consider whether the State of Kansas has a well defined and dominant public policy which prohibits a party from indemnifying itself for its acts of gross negligence.

The Denver & Rio Grande Western also urges us to find that the conductor responsible for the collision was in fact the employee of Union Pacific, and that the collision was caused by his gross negligence. Neither this court nor the district court, however, has the authority to second-guess the arbitrator's findings or conclusions. Misco, 484 U.S. at 45 (Fact-finding is a task which "exceeds the authority of a court asked to overturn an arbitration award"; "inquiring into a possible violation of public policy" does not authorize a court to exceed its authority.).

AFFIRMED. Union Pacific's motion to dismiss for lack of jurisdiction is DENIED.