**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 16 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RAYMOND F. MENDEZ,

      Plaintiff-Appellant,

v.

COMMERCIAL CREDIT
CORPORATION,

      Defendant-Appellee.

No. 98-2323
(D.C. No. CIV-98-358-MV)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **PORFILIO** , **BARRETT** , and **HENRY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Raymond F. Mendez, proceeding pro se, appeals the district court's order denying his request to set aside the arbitration award entered in favor of defendant Commercial Credit Corporation on his claims of age discrimination and retaliation. Plaintiff filed his action to set aside the arbitration award in a New Mexico state court. Defendant removed the action to the United States District Court for the District of New Mexico. We have jurisdiction over this diversity action under 28 U.S.C. §§ 1332(a), 1291 and we affirm.

Following the termination of his employment with defendant, plaintiff filed suit claiming he was discharged unlawfully on the basis of age in violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (ADEA). He also alleged defendant retaliated against him for exercising his rights under the ADEA. Plaintiff then dismissed his lawsuit and the parties proceeded before a three-member arbitration panel pursuant to defendant's written employment arbitration policy. <u>See</u> R. doc. 22, ex. A. At the conclusion of the arbitration hearing, at which both parties were represented by counsel, the arbitrators issued their award denying plaintiff's claims. <u>See, e.g.</u>, <u>id.</u>, doc. 1, ex. C. Dissatisfied with that outcome, plaintiff sought to vacate the arbitration award. The district court granted summary judgment in favor of defendant.

"Our review of the district court's ruling is plenary, and we utilize the same standard that the district court was required to apply." <u>NCR Corp., E & M-</u>

Wichita v. International Ass'n of Machinists & Aerospace Workers, Dist. Lodge No. 70, 906 F.2d 1499, 1500 (10th Cir. 1990). Although we do not defer to the district court's decision to deny a motion to vacate an award, "maximum deference is owed to the arbitrator[s'] decision." ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1462 (10th Cir. 1995). The courts must "give considerable leeway to the arbitrator[s], setting aside [their] decision only in certain narrow circumstances." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943 (1995). The arbitrators' decision may be set aside only for reasons stated in the Federal Arbitration Act, 9 U.S.C. § 10, or for a small number of reasons created by the courts, including awards which violate public policy, awards based on a manifest disregard of the law, or where the arbitrators failed to conduct a fundamentally fair hearing. See Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co., 119 F.3d 847, 849 (10th Cir. 1997) (collecting cases). The Federal Arbitration Act provides that an award may be set aside if the "award was procured by corruption, fraud, or undue means[,] . . . there was evident partiality or corruption in the arbitrators[,] . . . the arbitrators were guilty of misconduct in refusing to postpone the hearing . . . or in refusing to hear [pertinent and material] evidence[,]" or for other misbehavior that prejudiced any party. 9 U.S.C. § 10(a). Unless these limited circumstances are present, the arbitration award must be

affirmed, even if the arbitrators erred in their factual findings or interpretation of the law. See Denver & Rio Grande W. R.R. Co., 119 F.3d at 849.

On appeal, plaintiff argues that the arbitrators' decision must be set aside because Jerry Gildea, one of defendant's witnesses, lied about whether a performance evaluation was performed for Bill Stroupe and about the length of time Wanda Shockey was on disability leave; defendant forged a personnel evaluation showing "needs improvement" for Kathy Smith; plaintiff was not allowed to state his case to the arbitrators; and the arbitrators refused to consider signed statements from four of plaintiff's witnesses. Plaintiff makes additional arguments addressed to the underlying age discrimination and retaliation claims, but we are concerned only with whether there are grounds to set aside the arbitration award, so we do not consider the merits of the underlying claims. See W.R. Grace & Co. v. Local Union No. 759, 461 U.S. 757, 764 (1983) ("[A] federal court may not overrule an arbitrator's decision simply because the court believes its own interpretation of the contract would be the better one.").

A review of the record on appeal confirms that none of the statutory or judicially created grounds to vacate the arbitration award are present. The evidence regarding other employees and their evaluations was available to plaintiff at the time of the arbitration. His decision not to present the evidence, or the arbitrators' decision not to credit it, does not demonstrate any of the

grounds to set aside the award.    Cf. Foster v. Turley , 808 F.2d 38, 42 (10th Cir. 1986) (party alleging fraud "must show that due diligence could not have resulted in discovery of the fraud prior to arbitration").

Plaintiff's claim that he was not allowed to state his case to the arbitrators is based on his own attorney's instruction to answer questions "yes" or "no" after he became upset at the hearing. Plaintiff does not allege that the arbitrators or defendant prevented him from presenting his case. Accordingly, he has failed to demonstrate corruption, fraud, undue means, or that the arbitrators exceeded their powers. See 9 U.S.C. § 10(a).

Plaintiff also asserts that the arbitrators refused to consider sworn statements, even though the arbitration policy permitted them. The policy provided that the arbitrators "may receive and consider the evidence of witnesses by affidavit, but shall give it only such weight as [they] deem[] it entitled to after consideration of any objection made to its admission." R. doc. 22, ex. A, at 6. Defendant objected to the sworn statements because it had not had an opportunity to cross-examine the witnesses. Plaintiff did not subpoena the witnesses or request a continuance to obtain their presence at the arbitration hearing. The arbitrators' decision not to receive the sworn statements was within the terms of the arbitration agreement and will not be disturbed.    See Bowles Fin. Group, Inc.

v. Stifel, Nicolaus & Co._, 22 F.3d 1010, 1013 (10th Cir. 1994) (evidentiary rulings within the arbitration proceedings governed by arbitration agreement).

Plaintiff also alleges that defendant intimidated witnesses and hid or destroyed documents. Those conclusory allegations are not supported by evidence and therefore are insufficient to resist summary judgment. See Kidd v. Taos Ski Valley, Inc._, 88 F.3d 848, 853 (10th Cir. 1996).

The judgment of the United States District Court for the District of New Mexico is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Circuit Judge