**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CAROL D. KEIL-KOSS,

      Plaintiff-Appellant,

v.

CIGNA,

      Defendant,

   and

INTRACORP,

      Defendant-Appellee.

No. 99-1265
(D.C. No. 98-B-2668)
(D. Colo.)

**ORDER AND JUDGMENT**  *

Before **KELLY** , **HENRY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

 *    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.   *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Carol Keil-Koss, appearing pro se, appeals the district court's summary judgment dismissal of her employment discrimination and wrongful termination complaint against her former employer, Intracorp, a wholly owned subsidiary of CIGNA [1].  Plaintiff previously submitted these claims to arbitration, and the arbitrator denied all of her claims.  She seeks to relitigate these claims.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm the district court's conclusions that plaintiff consented to binding arbitration, and that the arbitration decision is valid and enforceable under 9 U.S.C. § 10, the Federal Arbitration Act.

## BACKGROUND

Intracorp terminated plaintiff from her job as a vocational rehabilitation specialist on April 8, 1996.  Plaintiff claims she was terminated because she had filed a workers' compensation claim and an internal grievance against her supervisor.  Intracorp claims she was terminated because she violated a directive prohibiting her from calling co-workers at home after working hours.  One year after her termination, plaintiff, represented by counsel, filed a complaint in state

---

[1]     The district court dismissed CIGNA from this action, finding that Intracorp was the only proper defendant.  Plaintiff does not challenge this ruling.

court alleging that Intracorp had terminated her in violation of the Americans with Disability Act (ADA), and in violation of state public policy. The action was then removed to federal court. Intracorp then filed an unopposed motion to stay judicial proceedings and to compel arbitration.

Plaintiff's counsel did not object to arbitration. Indeed, six days after Intracorp's motion, plaintiff's counsel sent a letter to Intracorp formally demanding that the termination dispute be submitted to binding and final arbitration in accordance with the CIGNA/Intracorp Employment Dispute Resolution policy. In 1997, the dispute was submitted to the American Arbitration Association (AAA), and the federal action was administratively closed, and ultimately dismissed.

Following a two-day hearing in October 1998, the AAA arbitrator issued a written award denying plaintiff's ADA and wrongful termination claims. Plaintiff then fired her counsel and filed a new, pro se complaint in federal court, re-asserting the same claims. She asserted that she had never consented to binding arbitration and that the arbitration hearing had been biased. Intracorp moved to dismiss her complaint pursuant to Fed R. Civ. P. 12(b)(6). Plaintiff filed five responses to this motion. Because both parties referenced materials outside the complaint, the district court converted the motion to one for summary judgment, giving plaintiff an opportunity to present evidence in support of her complaint.

Plaintiff filed three pleadings attaching additional evidence. The district court then granted summary judgment in favor of Intracorp, finding the arbitration was binding, valid, and enforceable.

ANALYSIS

Although our review of a district court's analysis under 9 U.S.C. § 10 is *de novo*, that review is strictly limited and does not examine generally the arbitrator's interpretation of law or findings of fact. *See Bowles Fin. Group, Inc. v. Stifel, Nicolaus & Co.*, 22 F.3d 1010, 1012 (10th Cir. 1994). An arbitrator's decision may be set aside only for reasons stated in the Federal Arbitration Act, or for a small number of reasons created by the courts, including awards which violate public policy, awards based on a manifest disregard of the law, or where the arbitrators failed to conduct a fundamentally fair hearing. *See Denver & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir. 1997) (collecting cases). The Federal Arbitration Act provides that an award may be set aside if the "award was procured by corruption, fraud, or undue means[,] . . . there was evident partiality or corruption in the arbitrators[,] . . . the arbitrators were guilty of misconduct in refusing to postpone the hearing . . . or in refusing to hear [pertinent and material] evidence[,]" or for other misbehavior that prejudiced any party. 9 U.S.C. § 10(a). Unless these limited circumstances are present, the

arbitration award must be affirmed. *See Denver & Rio Grande W. R.R.*, 119 F.3d at 849.

We are satisfied from our review of the record on appeal and the relevant law that none of the statutory or judicially created grounds to vacate the arbitration award are present. The record supports the district court's finding that plaintiff expressly demanded to arbitrate her termination dispute in accordance with the rules and procedures in the CIGNA/Intracorp Employment Dispute Resolution policy. We also agree with the district court's conclusion that plaintiff failed to produce any evidence in support of her allegations that the arbitration or the arbitrator was biased. The district court correctly concluded that the arbitration was binding and enforceable, and we have nothing further to add to the district court's thorough decision.

The district court ordered plaintiff to pay Intracorp's attorneys' fees related to its defense of her federal complaint, in the amount of $17, 221.50. The arbitration rules and procedures specified in CIGNA/Intracorp's Employment Dispute Resolution policy state that if the losing party in the arbitration attempts to overturn the arbitrator's decision, and that attempt is unsuccessful, the losing party must pay the other party's attorneys' fees. As noted, plaintiff voluntarily agreed to submit to arbitration in accordance with these rules and procedures. The district court found that an award of fees was warranted under these rules and

procedures because plaintiff demanded binding arbitration under the terms of this employment policy, and then sought to overturn the arbitrator's decision.

"[A]n attorney's fee award by the district court will be upset on appeal only if it represents an abuse of discretion." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986). After reviewing the record, we conclude that the district court did not abuse its discretion in awarding attorney fees to Intracorp.

Plaintiff makes numerous arguments related to her underlying ADA and wrongful termination claims, but we are concerned only with whether there are grounds to set aside the arbitration award, so we do not consider the merits of the underlying claims. *See W.R. Grace & Co. v. Local Union No. 759*, 461 U.S. 757, 764 (1983).

All of plaintiff's outstanding motions are DENIED. Intracorp's motion to strike portions of plaintiff's motions and submissions filed after the filing of her response brief is DENIED as moot. The judgment of the United States District

Court for the District of Colorado is AFFIRMED for substantially the same reasons stated in its Orders dated April 9, 1999 and May 17, 1999.

Entered for the Court


Michael R. Murphy
Circuit Judge