FILED
United States Court of Appeals
Tenth Circuit

August 15, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DAVID YOUNG,

     Defendant - Appellant.

No. 16-4005
(D.C. No. 2:11-CV-00806-DAK)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

David Young appeals the district court's denial of the government's motion to strike his motion for sanctions as moot.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Young's opening brief primarily argues that the district court erred in refusing to consider his Fed. R. Civ. P. 60(b) motion. But his notice of appeal did not designate the November 9, 2015 order denying the Rule 60(b) motion as moot as the appealed order. Cf. Fed. R. App. P. 3(c)(1)(B). Nor did "other papers filed within the time period for filing the notice of appeal provide" notice that he sought to appeal that order. Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co., 119

The United States filed this civil forfeiture case in 2011 against the proceeds of an alleged money laundering scheme. Young intervened and asserted his rights to some of the assets. In a separate criminal case, Young pled guilty in December 2013 to money laundering and disclosure of procurement information. As part of his plea agreement, he agreed to forfeit property which was involved in the illegal conduct—including the assets for which Young had asserted rights in the civil case. The civil case was closed in March 2014.

In October 2015, Young filed a Rule 60(b) motion bearing the civil forfeiture case number, seeking to re-open the proceedings and the return of his property. Young then filed a "Request for Relief" in this civil case expressly seeking relief from "the Court's order granting forfeiture against him on October 14, 2014." Because the October 2014 order had been entered in the criminal case, and not the civil case, the district court directed the clerk to docket the motion in the criminal case. The district court also denied the Request for Relief as moot because it did not pertain to the instant civil case, but noted that the motion remained pending in the criminal case. The court stated that Young also "mistakenly filed his initial [60(b)] motion for relief in this case, but the court instructed the Clerk's office to instead file the motion in his criminal case." Subsequently, Young filed a Rule 11 motion for sanctions against the United States. The motion bore the docket number for the civil case, but was filed in the criminal docket.

F.3d 847, 849 (10th Cir. 1997). We thus lack jurisdiction to review the court's judgment as to Young's Rule 60(b) motion. See Bowles v. Russell, 551 U.S. 205, 210 (2007) ("The rule is well settled that failure to file a timely notice of appeal defeats the jurisdiction of a court of appeals." (quotation omitted)).

The United States moved to strike the motion for sanctions in both the criminal and civil cases. The district court denied as moot the government's motion to strike in this civil case because Young's motion for sanctions did not appear on the civil docket. The court further held that "there are no orders in the instant case against any property involving Mr. Young, and nothing involving Mr. Young's rights was adjudicated in this action." Thus, the court denied Young's request that all filings be docketed in this case, and not in his criminal case, and instructed him "to stop filing documents in this case because there is no relief available." Young timely appealed the order denying the motion to strike.

Construing his pro se filings liberally, see Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), Young argues the district court improperly filed his motion for sanctions in the criminal case rather than the civil case, thereby effectively denying the relief requested as to the civil action. We review a district court's decisions regarding a motion for sanctions and a motion to strike for abuse of discretion. Hughes v. City of Fort Collins, 926 F.2d 986, 988 (10th Cir. 1991) (motion for sanctions); Fowler Bros. v. Young, 91 F.3d 1367, 1377 (10th Cir. 1996) (motion to strike).[2] But Young does not offer any argument contesting the district court's holding that his filings will not be received in the instant case because "nothing involving Mr. Young's rights was adjudicated in this action." Thus, any argument challenging the district court's

---

[2] The government argues the order denying the motion to strike was not a final, appealable order because it did not end the civil proceedings on the merits or otherwise terminate the case. For purposes of this appeal, we construe the denial of the motion to strike as a denial of Young's motion for sanctions. A Rule 11 motion may "be made after the principal suit has been terminated." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990). And the denial of a Rule 11 motion is appealable. See Hughes, 926 F.2d at 988.

reasoning for denying sanctions by refusing to file the motion in the civil case is waived.

See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 679 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived.").[3]

We **AFFIRM** the district court's denial of the government's motion to strike. The government's motion to dismiss this appeal is **DENIED**.  Because Young has failed to show the "existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," Buchheit v. Green, 705 F.3d 1157, 1161 (10th Cir. 2012) (quotation omitted), his motion to proceed in forma pauperis is **DENIED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] We note, however, that the district court's finding that Young "mistakenly" filed his motions in the civil proceeding was clearly erroneous.  See Manning v. United States, 146 F.3d 808, 812 (10th Cir. 1998) ("This court must accept the district court's factual findings unless they are clearly erroneous.").  "A finding of fact is clearly erroneous if it is without factual support in the record or if the appellate court, after reviewing all of the evidence, is left with a definite and firm conviction that a mistake has been made."  Id. (quotation omitted).  Both Young's 60(b) motion and his motion for sanctions bore the civil case number and stated that they pertained to an "action seeking forfeiture of several assets owned by David Young and other individuals who were his co-defendants in a criminal matter."  His 60(b) motion further noted "[t]he facts giving rise to the criminal case are identical to this [civil] matter."  Contrary to the district court's finding, we are left with the definite and firm conviction that Young intended to direct his filings at the civil, and not the criminal, proceedings.  A court may not direct filings to the wrong case docket, only to then deny relief because the filings do not appear in the correct case docket.  Nevertheless, that the court improperly docketed Young's filings in the criminal case does not affect our holding that Young waived any challenge to the court's holding that his filings cannot be docketed in this civil case.

4