**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ZANE PISTON,

    Movant - Appellant,

v.

TRANSAMERICA CAPITAL, INC.,

    Respondent - Appellee.

No. 19-1123
(D.C. No. 1:18-CV-01793-RPM)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Zane Piston challenges an arbitration award that dismissed his claim against

Transamerica Capital, Inc. (TCI). The district court refused to vacate the award, and

we affirm its judgment.

## I.  Background

After losing his job with TCI, Mr. Piston filed an arbitration case with the

Financial Industry Regulatory Authority (FINRA), alleging that TCI incorrectly

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

described the reason for his termination. He contended his ability to secure comparable employment was harmed as a result. In December 2017, the arbitration panel first held an initial prehearing conference and then issued a scheduling order which provided deadlines for the filing of discovery motions, optional prehearing briefs, and witness lists. The scheduling order also notified the parties that the final arbitration hearing was set for June 4-8, 2018.

On April 2, 2018, TCI moved to compel Mr. Piston to provide, among other things, legible copies of documents. Mr. Piston did not respond to the motion within the ten-day time frame for doing so. On April 18, Mr. Piston's counsel asked the panel not to rule on the motion until he responded, saying that he planned to respond within one business day. Still without a response from Mr. Piston two weeks later, on May 2, the panel granted TCI's motion to compel, specified required actions, and ordered Mr. Piston to "fully comply with this order by May 9, 2018." Aplt. App. at 78.

Mr. Piston did not comply by May 9. And so on May 10, TCI moved to sanction Mr. Piston for failing to comply with the May 2 order by precluding him from presenting evidence at the hearing and by ordering attorney's fees.

On May 15, 2018, with its May 10 sanctions motion still pending, TCI proceeded to serve its witness list, arbitration brief and supplemental document production—all in accordance with the scheduling order. Mr. Piston filed nothing. On May 16, TCI filed another sanctions motion citing Mr. Piston's failure to comply with FINRA Rule 13514 and the scheduling order by not providing opposing counsel

copies of all previously undisclosed documents that he intended to use at the hearing, a witness list by May 15, and the documents required by the panel's May 2 order. Citing these failures, TCI's May 16 sanctions motion asked the panel to dismiss Mr. Piston's claim, preclude the presentation of his evidence, and order attorney's fees.

The next day, May 17, the panel issued an expedited briefing schedule to address TCI's May 16 motion, requiring Mr. Piston to respond by May 22 and not permitting TCI to reply. Mr. Piston did not respond by May 22.

On May 25, the panel postponed the final arbitration hearing scheduled for June 4-8, removed it from the calendar, set a telephonic hearing for June 4, and assigned Mr. Piston the burden at the telephonic hearing to show good cause why TCI's sanction of dismissal should not be granted. Between May 31 and June 4, Mr. Piston's counsel filed several responses to TCI's sanctions motions, a "witness list and documents exchange," and a response containing a statement of good cause. In the statement of good cause, Mr. Piston's counsel explained that he underwent dental surgery on May 10, that he travelled to Europe from May 17 through May 24 to visit his son who was studying abroad, and that his wife had been hospitalized for several days after experiencing a "serious medical incident on or about May 19" which required his presence at her bedside when he returned from Europe. Aplt. App. at 140.

The panel heard argument from the parties' counsel at the June 4 hearing and later issued its award. It found that Mr. Piston (1) did not show good cause for failing to comply with discovery orders; (2) did not timely respond to efforts to set a

3

conference on discovery matters; and (3) did not meet witness-list and exhibit deadlines. The panel further found that these failures caused a last-minute delay of the scheduled five-day June hearing, caused TCI to incur costs and fees preparing for the hearing, and prejudiced TCI because it was prepared to conduct the hearing as scheduled. It ultimately dismissed Mr. Piston's claim "with prejudice as a sanction due to the material and intentional failure to comply with prior orders of the Panel despite its efforts to advise [Mr. Piston's] counsel of the need to comply with FINRA rules and deadlines." *Id.* at 24.

The district court denied Mr. Piston's motion to vacate the panel's award.

## II. Discussion

Mr. Piston argues on appeal that the arbitration panel exceeded its powers, manifestly disregarded the law, committed misconduct, and denied him a fundamentally fair hearing. He also contends that the district court did not adequately address his arguments. Applying the narrow standard of review that governs our review of arbitration awards, we conclude there is no basis for reversal.

### A. Standard of Review

We review the district court's factual findings for clear error and its legal conclusions de novo. *Mid Atl. Capital Corp. v. Bien*, 956 F.3d 1182, 1189 (10th Cir. 2020). Although we give the district court's legal conclusions no deference, we give the arbitration panel's decisions "maximum deference." *THI of N.M. at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1083 (10th Cir. 2017) (internal quotation marks omitted). After all, "the standard of review of arbitral awards is among the

4

narrowest known to the law." *ARW Expl. Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995) (internal quotation marks omitted). We therefore proceed with "great caution" when a party asks us to vacate an arbitration award. *Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1147 (10th Cir. 1982).

The Federal Arbitration Act (FAA) allows courts to "vacate an arbitrator's decision only in very unusual circumstances." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 568 (2013) (internal quotation marks omitted). Those unusual circumstances include when "the arbitrators exceeded their powers."[1] 9 U.S.C. § 10(a)(4). A party seeking to show that an arbitration panel exceeded its powers "bears a heavy burden." *Oxford*, 569 U.S. at 569. Courts may not vacate an award based only on a showing "that the panel committed an error—or even a serious error." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010). "Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits." *Oxford*, 569 U.S. at 569 (internal quotation marks omitted). "So the sole question for us is whether the arbitrator (even

---

[1] The FAA also permits courts to vacate arbitration awards "where the arbitrators were guilty of misconduct in refusing to postpone the hearing . . . or in refusing to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). Mr. Piston asserts several times that the panel committed "misconduct." But we do not read his brief to invoke § 10(a)(3) for three reasons. First, he does not allege that the panel refused to postpone a hearing or refused to hear "evidence pertinent and material" to TCI's sanctions motions. Second, his brief cites § 10(a) only in the standard-of-review section. And third, he does not expressly allege that we should vacate the award under § 10(a)(3).

arguably) interpreted the parties' contract, not whether he got its meaning right or wrong." *Id.*

### B. FINRA Rule 13212

Many of Mr. Piston's arguments hinge on FINRA Rule 13212(c), which allows an arbitration panel to dismiss a claim "with prejudice as a sanction for material and intentional failure to comply with an order of the panel if prior warnings or sanctions have proven ineffective." Mr. Piston asserts that he received neither a warning nor a sanction before the panel dismissed his claim. By dismissing his claim without prior warning or sanction, he continues, the panel exceeded its powers, manifestly disregarded the law, committed misconduct, and denied him a fundamentally fair hearing.

Rule 13212(c)'s meaning is a question of contract interpretation because the parties' agreement incorporated the FINRA Code Rules. *See Mid Atl.*, 956 F.3d at 1207 (noting that the meaning of a FINRA Rule, incorporated by the parties' contract "is a question of contract interpretation"); FINRA Code, Rule 13101(b) ("When a dispute is submitted to arbitration under the Code pursuant to an arbitration agreement, the Code is incorporated by reference into the agreement.").

### C. The Panel did not Exceed its Powers

We have no trouble concluding that the panel arguably interpreted Rule 13212(c) in its rulings. First, TCI's May 16 sanctions motion cited Rule 13212. Second, the panel employed Rule 13212(c)'s language when it found that Mr. Piston's failures to comply with its orders were material and intentional. Third, the

panel found that those failures occurred "despite its efforts to advise [Mr. Piston's] counsel of the need to comply with FINRA rules and deadlines." Aplt. App. at 24. This finding arguably aligns with Rule 13212(c)'s provision authorizing dismissal "if prior warnings or sanctions have proven ineffective." FINRA Code, Rule 13212(c). And fourth, the panel's award expressly purports to dismiss Mr. Piston's claims "[p]ursuant to the Code Rule 13212." Aplt. App. at 24. For these reasons, we conclude that the panel arguably applied Rule 13212(c), which is part of the parties' contract. Mr. Piston has not supported his claim that the panel exceeded its powers in applying the Rule. *See Oxford*, 569 U.S. at 569.

At its core, Mr. Piston's argument alleges that the panel erroneously applied Rule 13212(c) by dismissing his claims without prior warning or sanction. Perhaps reasonable people could disagree about whether sufficient warning occurred under Rule 13212(c) through the panel's scheduling order, the panel's order compelling discovery, TCI's sanctions motions, the panel's order requiring Mr. Piston to show good cause to avoid dismissal, or some combination of those things. But whether the panel correctly interpreted Rule 13212(c) is beyond the scope of our review. So long as the panel arguably applied the Rule—and it did—we may not disturb its award. *See Oxford*, 569 U.S. at 569.

D. The Panel did not Manifestly Disregard the Law, Commit Misconduct, or Deny

Mr. Piston a Fundamentally Fair Hearing

Courts have "recognized a handful of judicially created reasons" for vacating an arbitration award, including "violations of public policy, manifest disregard of the

7

law, and denial of a fundamentally fair hearing." *Sheldon v. Vermonty*, 269 F.3d 1202, 1206 (10th Cir. 2001) (internal quotation marks omitted). "But the Supreme Court cast doubt on the vitality of those judicially created reasons in *Hall Street Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576 . . . (2008)." *Mid Atl.*, 956 F.3d at 1190 n.3. We need not decide whether any judicially created reasons to vacate an award survive *Hall Street* because, even if they do, Mr. Piston has not shown that any warrant reversal here.

Manifest disregard of the law means a "willful inattentiveness to the governing law." *Bowen v. Amoco Pipeline Co*., 254 F.3d 925, 932 (10th Cir. 2001) (internal quotation marks omitted). This standard requires more than a panel's error or misunderstanding of the law; it requires that the record show the panel knew the law and explicitly disregarded it. *Id.*

Mr. Piston argues that the panel "must be charged with constructive, if not actual," knowledge of FINRA Rules. Aplt. Br. at 16. And by dismissing his claim without "prior warnings or sanctions," he continues, the panel manifestly disregarded the law. *Id.* at 17. The same reasons that lead us to conclude that the panel did not exceed its authority require us to reject Mr. Piston's arguments that the panel manifestly disregarded the law or committed misconduct when it dismissed his claim. Far from showing that the panel disregarded Rule 13212, the panel's award expressly purports to apply it. Any error in the panel's application of the Rule does not provide us a basis to vacate the award. *See Bowen*, 254 F.3d at 932.

8

Alleging further manifest disregard of the law and misconduct, Mr. Piston challenges the panel's findings that he failed to timely respond to efforts to set a pre-hearing conference, that his counsel's conduct caused a last-minute delay of the final hearing, that his counsel failed to show "any justification for his conduct," and that his counsel's noncompliance was intentional. But any errors in the panel's factual findings do not warrant vacating its award. *See Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997). Indeed, "the factual findings of the arbitrator are insulated from judicial review." *Id.*

We must also reject Mr. Piston's claim that the panel manifestly disregarded the law when it found that he had not shown good cause to support denial of TCI's requested sanction. Mr. Piston's assertion that the panel misapplied the good-cause standard, even if true, cannot result in our reversal because he must do more than "show that the panel committed an error—or even a serious error." *Stolt-Nielsen*, 559 U.S. at 671. And the record refutes Mr. Piston's argument that the panel recognized that he established good cause and then required him to meet a more demanding excusable-neglect standard. In the award, the panel expressly found that that Mr. Piston failed to "demonstrate good cause for failing to comply with discovery orders." Aplt. App. at 24. Nothing about that finding conflicts with the panel's additional findings that Mr. Piston's counsel failed to show "any justification for his conduct or that it constituted excusable neglect." *Id.*

Nor has Mr. Piston shown that the panel deprived him of a fundamentally fair hearing. He argues that the panel, without authority, substituted "a pre-hearing

9

argument" for the hearing. Aplt. Br. at 24. But the panel did not substitute the June 4 argument for the final hearing. Instead, it postponed the final hearing and set a new hearing to address TCI's sanctions motions. And FINRA Rule 13601(a)(2) allows a panel to postpone a hearing "in its own discretion."

Mr. Piston cites *Prudential Securities, Inc. v. Dalton*, 929 F. Supp. 1411 (N.D. Okla. 1996), to support his claim that the panel deprived him of a fundamentally fair hearing. But *Dalton* is easily distinguished. The *Dalton* court concluded that the arbitration panel in that case denied the claimant a fundamentally fair hearing by dismissing his claim without giving him the opportunity to present evidence on the merits when the complaint alleged facts that, if true, would warrant relief. 929 F. Supp. at 1417-18. Unlike the present case, *Dalton* did not involve dismissal as a sanction for a counsel's failure to comply with orders.

Mr. Piston has not shown that by dismissing his claim (as he sees it, without prior warning or sanction), the panel deprived him of the arbitration he bargained for—an arbitration conforming to FINRA Rules. By agreeing to arbitrate, "the parties bargained for the arbitrator's construction of their agreement." *Oxford*, 569 U.S. at 569 (internal quotation marks omitted). As we have explained, the record does not show that Mr. Piston received anything less.

E. The District Court Adequately Addressed Mr. Piston's Arguments

Mr. Piston asserts that the district court did not adequately address his arguments. He therefore argues that if we do not vacate the panel's award, then we should at least remand the case to the district court for a thorough analysis of his

10

arguments. A district court's findings and conclusions suffice "if they enable the appellate court to conduct a proper review of the decision below." *Castaneda v. JBS USA, LLC*, 819 F.3d 1237, 1247 (10th Cir. 2016). In this case, the district court concluded that dismissal was an appropriate sanction for the failures of Mr. Piston's counsel and that the panel did not commit misconduct, exceed its authority, or manifestly disregard the law. The district court's order provides us all we need to conduct a proper review of its decision.

### III. Conclusion

We affirm the district court's judgment.

Entered for the Court

Mary Beck Briscoe
Circuit Judge