**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 2, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MIKE SERNA,

     Plaintiff - Appellant,

v.

BBVA USA, a/k/a BBVA Compass
Bank, a/k/a PNC Bank,

     Defendant - Appellee.

No. 23-2090
(D.C. No. 1:22-CV-00852-DHU-JMR)
(D. N.M.)

_____

**ORDER AND JUDGMENT\***
_____

Before **PHILLIPS**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Plaintiff Mike Serna, proceeding pro se, filed a federal lawsuit against BBVA USA ("BBVA"). The district court dismissed his claims for lack of jurisdiction and imposed filing restrictions. We likewise dismiss his appeal for lack of jurisdiction.

---

    \* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

More than a decade ago, Mr. Serna's wife, Emma Serna, lost a construction-contract dispute against Margette and David Webster in New Mexico state district court. Since then, the Sernas have challenged the Websters' collections efforts, in both federal and state court, without success.

In 2015, a New Mexico state district court entered a judgment adopting an arbitration award against Ms. Serna and in favor of the Websters. BBVA received a writ of garnishment arising from that judgment.[1] In January 2021, Emma Serna sued BBVA in federal district court, alleging the writ of garnishment was void and that BBVA was improperly withdrawing funds from her accounts. The district court dismissed her complaint without prejudice for lack of subject matter jurisdiction, and she did not appeal. Just a few months later, however, she filed another complaint against BBVA alleging the same facts and requesting the same relief. The district court again dismissed her case for lack of subject matter jurisdiction, and we affirmed her appeal of the

---

[1] BBVA USA was acquired by PNC Financial Services Group in June 2021. To avoid confusion, we will continue to refer to the defendant as BBVA.

dismissal. The district court also entered filing restrictions against Ms. Serna, which she did not appeal.

Despite the filing restrictions, in November 2022, the Sernas filed another federal lawsuit against BBVA. The district court struck their complaint, however, because Ms. Serna had not complied with the filing restrictions. After Mr. Serna filed an amended complaint, the district court ordered Mr. Serna to show cause why his claims should not be dismissed because, among other things, he impermissibly sought to assert claims on behalf of Ms. Serna. Mr. Serna then filed a second amended complaint in which he dropped his wife's name from the caption.

The district court dismissed the second amended complaint for lack of subject matter jurisdiction and entered judgment on April 18, 2023. One week later, Mr. Serna filed a notice of appeal, which this court opened as Case No. 23-2066. Mr. Serna later voluntarily dismissed that appeal.

In its dismissal order, the district court also described Mr. Serna's abusive filing history, proposed certain filing restrictions based on that history, and gave Mr. Serna an opportunity to show cause why the court should not impose the restrictions. Mr. Serna never responded. Accordingly, on May 31, 2023, the district court entered an order imposing filing restrictions.

## II.

Under Federal Rule of Appellate Procedure 3(c)(1)(B), a notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken." The failure to do so deprives us of jurisdiction. *See Smith v. Barry*, 502 U.S. 244, 247-48 (1992). Here, Mr. Serna's notice of appeal states: "The Plaintiff, Mike Serna, hereby gives his 'Notice of Appeal' in the 10th Circuit Federal Court of Appeals to file Appeal on case no. 1:22-cv-00852-DHU/JMR." R. at 107. It does not specify "the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B).

We are mindful that we must liberally construe Mr. Serna's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). "Even if a notice fails to properly designate the order from which the appeal is taken, this Court has jurisdiction if the appellant's intention was clear." *Fleming v. Evans*, 481 F.3d 1249, 1253-54 (10th Cir. 2007). For example, we have held that an appellant's docketing statement, filed within the time limit for filing a notice of appeal, gave adequate notice of the orders being appealed. *Denver & Rio Grande W. R.R. Co. v. Union Pac. R.R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997). In this appeal, however, Mr. Serna filed no other pleading in connection with the notice of appeal that offers any insight as to his intentions. Indeed, even his opening brief

4

makes no mention of the district court's order of dismissal or its order imposing filing restrictions.

In short, we hold that Mr. Serna has not complied with the requirements of Rule 3(c)(1)(B), and we therefore lack jurisdiction to review any of the district court's orders.

### III.

We dismiss this appeal for lack of jurisdiction, and we deny as moot Mr. Serna's motion for leave to file a reply brief out of time.

Entered for the Court

Richard E.N. Federico
Circuit Judge

5