**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

CHIBUEZE C. ANAEME,

     Plaintiff - Appellant,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS; JACKSONVILLE
SHERIFF'S OFFICE;
JACKSONVILLE POLICE
DEPARTMENT; DUVAL COUNTY
PRE-TRIAL DETENTION
FACILITY; JAMES L.
MONTGOMERY CORRECTIONAL
FACILITY; NATHANIEL GLOVER,
JR., individually and in his official
capacity as Sheriff of the Jacksonville
Sheriff's Office/Jacksonville Police
Department; K. COPELAND,
individually and in her official
capacity as Lieutenant of the
Jacksonville Sheriff's Office;
OFFICER FOWLER, OFFICER
HENDERSON, OFFICER LEONARD,
OFFICER SMITH, OFFICER JESSE,
OFFICER SCOTT, OFFICER JOE
SCOTT, OFFICER WOLLITZ,
OFFICER C. G. BLUNT, OFFICER D.
BRANTLEY, OFFICER MESSICK,
individually and their official
capacities as Sergeants of the
Jacksonville Sheriff's Office;
OFFICER ROBERT, OFFICER FRED
FLINSTONE, OFFICER R.W.
REONAS, OFFICER M.J. POWERS,
individually and in their official

No. 04-2237
(D.C. No. CIV-03-1406 JB/DJS)
(D.N.M.)

capacities as officers of Jacksonville Sheriff's Office/Police Department and the arresting, responding and reporting officers; OFFICER PAGE, OFFICER SCHEINHOLDER, OFFICER AUSTIN, OFFICER J. GRIFFIS, OFFICER BEESON, OFFICER TOLLIVER, OFFICER MCDUFFIE, OFFICER J.M. CRUMP, II, OFFICER WARREN, OFFICER J. A. WOOD, OFFICER SALANOS, OFFICER GLEN, OFFICER CHAPPELL, OFFICER PRESCOTT, OFFICER R. L. GREEN, OFFICER BLANTON, OFFICER W. M. FIELDS, OFFICER CAMPBELL, OFFICER SANBORN, OFFICER A. GORDON, OFFICER T. ATTAWAY, OFFICER FRANCIS R. COTTON, OFFICER T. J. GENNELLE, OFFICER C. MCCRAE, OFFICER J. EMANUEL, OFFICER R. C. DICKINSON, OFFICER W. P. MCDONALD, OFFICER C. R. SCARPINATI, OFFICER M. L. GRADY, individually and in their official capacities and officers of Jacksonville Sheriff's Office; MS. FULSORD, MS. WILLIS, NURSE MAYES, NURSE PHILLIPS, P. BROOMFIELD, NURSE BAZELLE, DENISE HUNT, NURSE JENKINS, NURSE BROWN, NURSE RHOME, NELSON AGUILAR, PAC, BRENDA LUNA, CNP, GOODMAN, M.D., OFFICER ACOSTA, OFFICER DAWKINS, individually and in their official capacities as Lieutenants of the Jacksonville Sheriff's

Office/Montgomery Correctional Center; OFFICER BARRETT, OFFICER LEWIS, OFFICER ARNETT, OFFICER MANNING, OFFICE BROWN, OFFICER MCWATER, OFFICER S. WHITTY, OFFICER OWENS, OFFICER MCWATER, individually and their official capacities as Sergeants of the Jacksonville Sheriff's Office; OFFICER L. HOLSTAD, OFFICER J. R. LUCK, OFFICER L. ROSS, OFFICER W. M. CLARY, OFFICER V. D. PARRISH, OFFICER MUENCH, OFFICER WANSLEY, OFFICER J. CHESTNUT, OFFICER GILPIN, OFFICER LUCAS, OFFICER SMITH, OFFICER A. D. FLEMING, OFFICER S. MORGAN, OFFICER L. MALONE, OFFICER PARRETT, OFFICER K. B. ROLLYSON, OFFICER OJEDA, OFFICER J. M. BALDERSON, OFFICER RUPRIGHT, OFFICER D. L. PINKSTON, OFFICER R. S. WHITE, OFFICER T. MEANS, OFFICER D. MANN, OFFICER CONLEY, OFFICER M. MOBLEY, OFFICER JOHNSON, OFFICER PFLEINGER, OFFICER E. WATKINS, OFFICER D. SULLIVAN, OFFICER LOVINGS, OFFICER THOMAS, JR., OFFICER D. BAILEY, OFFICER J. L. COLLINS, OFFICER ANDREWS, OFFICER SWINDLE, OFFICER JOHNSON, OFFICER NIPPER, OFFICER WILLENBRECHT, individually and in their official capacities as officers of

the Jacksonville Sheriff's Office/MCC; NURSE SMITH, NURSE LONG, NURSE VALARIE THOMPSON, NURSE JACKSON, NURSE MURRELL, NURSE HARRISON, NURSE HINES, NURSE JUDITH SOFFLER, individually and their official capacities as medical personnel of the Jacksonville Sheriff's Office/MCC; L. J. SPATES, individually and in his official capacity as director and employee of Jacksonville Sheriff's Office/MCC; STANDARD SECURITY SERVICES, K. DRYGEN, D. G. COLE, L. A. POINTE, II, JIM TAYLOR, individually and their official capacities as Lieutenant, Sergeant, Security Officer(s) and Officer(s) respectively of Standard Security Services, Jacksonville, Fl.; SMARTLOCKER; WAYNE GUELTOGOW, MELINDA, individually and in their official capacities as Terminal Manager and Customer Service Representative/Agent, Greyhound Bus Terminal, Jacksonville, Fl.,

Defendants - Appellees.

**ORDER AND JUDGMENT**[*]

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

- 4 -

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

Mr. Chibueze Anaeme, a pro se litigant, appeals from the district court's sua sponte dismissal without prejudice of his civil rights claim for failure to prosecute because he failed to properly serve the numerous Defendants. Trial courts have the discretion to dismiss a case sua sponte for want of prosecution. See Fed. R. Civ. P. 4(m); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). We review for an abuse of discretion. Scott v. Hern, 216 F.3d 897, 912 (10th Cir. 2000). We affirm.

Federal Rule of Civil Procedure 4(m) provides that a district court may dismiss a case without prejudice where service of process is not effectuated within 120 days of filing the complaint. Here, nearly six months passed between the time Mr. Anaeme filed his complaint and when the district court issued its notice of impending dismissal alerting Mr. Anaeme that proper service had not been established. Upon receiving the court's notice, Mr. Anaeme failed to establish proper service or any cause for why the case should be retained.

Mr. Anaeme contends that he proceeded in the lawsuit as if he had

---

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

effectuated proper service and filed motions pertaining to the Defendants non-response. He also maintains that pursuant to the district court's notice of impending dismissal, he called the courtroom deputy (the bottom of the form advises that "inquiries regarding this notice should be directed to" the named courtroom deputy with phone number) within the time allowed to cure the service problem. While this might give us pause as implying that the service problem could be remedied with a simple phone call, Mr. Anaeme does not so argue, nor does he argue that he was misled. Cf. Espinoza v. United States, 52 F.3d 838, 842 (10th Cir. 1995) (district court should consider the difficulties inherent in the service rules for pro se litigants).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge